ROBERTS *v.* STATE.

Opinion delivered March 9, 1908.

FALSE PRETENSES—SUFFICIENCY OF INDICTMENT.—An indictment for obtaining money by false pretenses which alleges that defendant falsely represented to the prosecuting witness that he was a graduated eye specialist, that he was a graduate and had diplomas from three schools, that he was authorized and competent to treat the eyes of a son of said witness, and that by means of these false representations he procured money and property from the witness, when in truth defendant was not a graduated eye specialist, was not a graduate, and had no diplomas from three schools, and was not authorized or competent to cure the eyes of the son of the witness, is insufficient in failing to allege that witness employed defendant to give his services and was induced to pay defendant money on account of said pretenses.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

P. F. Roberts was convicted upon an indictment charging him with the crime of obtaining money under false pretenses. He appeals from the judgment of the court overruling his motion in arrest of judgment and motion for new trial.

*Pryor & Tatum,* for appellant.

The demurrer should have been sustained. There is no connection whatever between the alleged false representation and the motive or reason why the prosecuting witness parted with his note and money. 19 Cyc. 429; 83 Ind. 404; 50 Ind. 473; 42 Ark. 131; 50 Ark. 427.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* assistant, for appellee.

The gist of the crime is the false representation whereby something of value is obtained, and this is contained in the indictment. The crime is charged with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case. Nothing is omitted which would tend to prejudice the substantial rights of defendant on the merits. Kirby's Digest, § § 2229-30.

McCULLOCH, J. The indictment in this case, which appellant challenged both by demurrer and by motion in arrest of judgment, is as follows (omitting caption and formal parts):

"The said defendant, in the county and district aforesaid, on the 10th day of February, 1906, with a felonious intent to defraud and cheat one W. E. Shipley, falsely, fraudulently and feloniously did pretend and represent unto the said W. E. Shipley that he, the said P. F. Roberts, was a graduated eye specialist; that he was a graduate from three different schools; and that he had diplomas from three different schools; that he was authorized and was able and competent to treat the eyes of a son of the said W. E. Shipley, and had lawful authority so to do, and by other words and acts held himself out as a regular practicing oculist, and as one who was authorized by law to treat the eyes and practice as an oculist, by means of which false and fraudulent representations, he, the said P. F. Roberts, did then and there fraudulently and feloniously obtain from him, the said W. E. Shipley, five dollars gold, silver and paper money of the value of five dollars, and the note of the said W. E. Shipley to said P. F. Roberts for the payment of the sum of twenty-five dollars, and did, by said false and fraudulent representations, obtain from the said W. E. Shipley his signature to said note for twenty-five dollars, which note. was made payable to the order of the said P. F. Roberts, and was due and payable six months from the date thereof, and which said note was by the said P. F. Roberts transferred and assigned to the Hackett City Bank for value and before the maturity of said note, of the value of twenty-five dollars, and which note was, on or before the maturity thereof, paid by the said W. E. Shipley to said Hackett City Bank, all the money and property of said W. E. Shipley, when in truth and in fact the said P. F. Roberts was not a graduated eye specialist, and was not a graduate from three different schools, and did not have diplomas from three different schools, and was not authorized to, nor was he able and competent to, treat and cure the eyes of a son of the said W. E. Shipley, and did not have lawful authority to so treat and cure the eyes of the son of the said W. E. Shipley, and was not a regular practicing oculist, and was not authorized by law to practice as an oculist, all of which the said P. F. Roberts then and there well knew, against the peace and dignity of the State of Arkansas."

The point of attack upon the indictment is that it is insuf-

ficient because it contains no allegation to the effect that W. E. Shipley employed appellant to give his services on account of the alleged false pretenses, and was induced to pay him the money for his services on account of said pretenses.

The following is found to be a correct statement as to the necessary allegations of an indictment for this offense: "The indictment must show that the property was obtained by means of the false pretense alleged. Accordingly, when there appears to be no natural connection between the pretense and the delivery of the property, such additional facts as are necessary to show the relation must be alleged. A defect in an indictment arising from failure to show the connection between the false pretense and the obtaining is a material one, and is not cured by verdict." 19 Cyc. 429.

Numerous authorities are found which sustain the rule just stated, and the following will be found to be especially applicable to the alleged defect in the indictment now before us: *Roper* v. *State*, 58 N. J. Law, 420; *Jenkins* v. *State*, 97 Ala. 66; *Com.* v. *Dunleay*, 153 Mass. 330; *Jones* v. *State*, 22 Fla. 532; *Denley* v. *State* (Miss.), 12 So. 698; *Owens* v. *State*, 83 Wis. 496; *People* v. *Brown*, 71 Mich. 296.

The New Jersey court in the case just cited held that "an indictment founded on the statute relating to false pretenses must exhibit a pretense which, under the circumstances stated, must have an apparent tendency to induce the person defrauded to part with his property." In that case the indictment alleged that the defendant falsely and fraudulently represented to the prosecutor, one Renshaw, that the Mutual Land & Building Syndicate was then and there a *bona fide* building and loan association, and was then and there engaged in transacting a *bona fide* business of that kind, and had $75,000 on hand in cash to loan, and that "by color and means of which said false and fraudulent pretenses, and then and there well knowing the same to be false and fraudulent, the said Osman W. Roper did then and there wilfully, unlawfully and feloniously obtain from the said Jno. J. Renshaw $3,000, of the moneys of the said Jno. J. Renshaw, with intent," etc. The court held that the indictment was insufficient because it failed to show any apparent connection between the defendant and the Mutual Land &

Building Syndicate, and that the facts alleged, if true, had no apparent tendency to induce the defrauded party 'to lend his money to the defendant.

In *Jones* v. *State, supra,* it was held that "an indictment against Å. for falsely personating B. and procuring from C money or other things by reason of such false personation should set forth the relations existing between B. and C., which would show upon what ground B. could demand or expect to receive from C. such money or other thing."

In *Denley* v. *State, supra,* it was held that "an indictment which charges a sale of cotton to a purchaser, without informing him of certain incumbrances thereon, and the intent thereby to cheat and defraud him, and also charges that $31 were obtained from him, but does not aver that it was by means of the sale of the cotton, or even that it was in the same transaction, is fatally defective."

Various other illustrations of the application of this doctrine may be found in the other cases herein cited.

Now, the facts alleged in the indictment in this case, if taken to be true, have no apparent tendency to induce the defrauded party to part with his money. If it be true, as alleged, that appellant falsely represented to Shipley that he was a graduate of three different colleges, and was authorized and competent to treat the eyes and thereby obtained money from Shipley, still that does not establish any connection between the false pretense and the payment of the money by Shipley.

A false representation by one claiming to be a physician that he is the graduate of colleges and is authorized by law to practice his profession has, of itself, no apparent tendency to induce a person to part with his money, unless such person is alleged to have engaged his services and paid him for them on account of his false pretenses. The allegation can not mean that the defrauded person paid the money solely on account of the alleged false pretense, for that alone is not calculated to induce him to part with his property; and yet it can not be inferred, in the face of the omission to allege anything else, that something else was done which induced the payment of the money. It was not sufficient merely to allege a false pretense,

and that the party defrauded was thereby induced to part with his money.

In order to constitute a valid accusation for this offense, it was necessary to point out with more degree of particularity the inducement for the payment of the money, and it was not sufficiently merely to set out the false pretense and the payment of the money, for the reason that, as we have already shown, the making of the false pretense had no apparent connection with the payment of the money. The demurrer to the indictment should have been sustained.

Reversed and remanded with instructions to sustain the demurrer.