SHAW *v.* STATE.

Opinion delivered September 25, 1922.

FALSE PRETENSES—SUFFICIENCY OF EVIDENCE.—Proof, in a prosecution for obtaining personal property under false pretenses, that the prosecuting witness when told by defendant that he was "into it and had better settle up" a certain claim, yielded his property knowing that defendant occasionally made arrests, and fearing that he would be arrested if he failed to settle, was not sufficient to establish the charge where defendant made no threats of arrest or accusations, and did not claim that he was an officer.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*M. S. Cobb,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HART, J. Gid Shaw prosecuted this appeal to reverse a judgment of conviction against him for the crime of obtaining goods and money under false pretenses.

To sustain the conviction the State relies upon the principles decided in *Lawson* v. *State,* 120 Ark. 337. There the defendant was an officer, and not only had the power but it was his duty to arrest the prosecuting witness. The defendant stated to him that he would not arrest him if he would comply with his terms. In other words, there was an implied threat that the defendant, as an officer, would arrest the prosecuting witness if he did not comply with his terms. By this means the defendant obtained from the prosecuting witness the sum of $300.

Here the facts relied upon by the State for a conviction fall short of bringing the case within the rule announced above. It appears from the record that John L. Burke sold a mare to one McKay for $25 and held a note for the purchase price, retaining title in the mare until she was paid for. McKay left the mare with Lewis Elliott, the prosecuting witness. Elliott traded the mare to A. B. Rochte for another one. Some time afterwards the defendant, Shaw, and Rochte went to Elliott and demanded payment of the note which had been given by McKay for the purchase price of the mare. The defendant, Shaw, told Elliott that he was up against it and had better settle the matter. Shaw did not say that he was an officer, or that Elliott had violated the law. Elliott knew that Shaw sometimes arrested men, and from this, and his acts on the occasion in question thought that Shaw was an officer. Shaw gave Elliott until the next morning to think the matter over. On the next morning Shaw and Rochte went to Elliott's house, and the latter gave them certain personal property in settlement of the matter. After Elliott had delivered to them the personal property, the defendant wrote a receipt, which was signed by Rochte, and then gave the receipt to Elliott. They told the latter that the receipt was to clear him from making any further payment of the note given for the purchase price of the mare.

On cross-examination, the witness testified that Shaw did not tell him he was an officer, nor did Shaw charge him with violating the law. Shaw only said to Elliott that he was "into it and had better settle the matter up."

The defendant himself testified that he was not an officer, and that he only went with Rochte to help collect the note. His testimony was corroborated by that of John L. Burke.

The testimony does not show any causal connection between the alleged false pretenses and the loss to the prosecuting witness. Shaw did not represent himself to the prosecuting witness as an officer clothed with the power and duty to arrest him for violating the law. He did not even charge the prosecuting witness with a violation of the law. He only told him that he had better settle the matter up. This referred to the fact that the original owner of the mare had a note for the purchase price, which was unpaid, and in which the title to the mare was retained until the purchase price was paid.

The defendant was not induced to give up his property by any implied threat on the part of the defendant that he had committed a crime and would be prosecuted unless he settled the matter.

The facts proved do not constitute the criminal offense of obtaining goods and money by false pretenses under the statute. *Roberts* v. *State*, 85 Ark. 435.

It follows that the evidence fails to support the verdict, and inasmuch as the facts have been fully developed, the judgment will be reversed and the cause remanded, with directions to dismiss the indictment.