DAVID A. STRONG V. ARTHUR EGGERT.

FILED MAY 5, 1904. No. 13,588.

1. **Verdict:** INSTRUCTIONS. A verdict clearly contrary to the instructions of the court should be set aside.

2. ———: EVIDENCE. Evidence examined, and *held* not to sustain the verdict.

ERROR to the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Allen G. Fisher,* for plaintiff-in error.

*A. W. Crites, contra.*

LETTON, C.

This action was originally brought before a justice of the peace in Dawes county by the defendant in error, hereinafter called the plaintiff, who sought to recover from the plaintiff in error, hereinafter called the defendant, the sum of $170.58, for work and labor which he alleged he performed for the defendant at his request. A trial was had and judgment rendered, an appeal taken to the district court where the cause was tried to a jury, and judgment rendered in favor of the plaintiff for the exact amount claimed by him, to wit, $170.58. Error proceedings have been prosecuted by the defendant to this court. The defendant is engaged in farming and also to a certain extent in lumbering. In April, 1900, the plaintiff agreed to work for him by the day on his farm, for $1 a day, no time being specified during which the contract should run. Afterwards, he worked at the sawmill and lumbering camp of the defendant. It appears

that sometime in August or September, 1900, a verbal
agreement was made between the plaintiff and defendant,
by which the defendant agreed to convey to the plaintiff
a certain tract of land, upon which there was standing a
quantity of saw timber, in payment for which the plain-
tiff was to allow the defendant to retain $30 then due him
for labor, and plaintiff was to cut all timber fit for saw
purposes over 12 inches in diameter, then standing upon
this tract of land. The evidence shows that this lumber
camp was situated some 5 or 6 miles from the farm of the
defendant; that when the plaintiff first moved near the
sawmill, he moved into a house belonging to one Bren-
nan; that, afterwards, some dispute arising between the
parties, this house was torn down, and he was forced to
move into a tent which stood near the sawmill, on the
tract of land defendant was to convey to him under the
oral agreement; and that, afterwards, a house was built by
the plaintiff, with lumber furnished him by the defendant.
But his house proved to be erected upon land which was
outside of the limits of the tract. After the land was
surveyed, and it was found that it did not belong to de-
fendant, plaintiff again moved into the tent near the saw-
mill, where he lived until the fall of 1901, when he left
the place.

The principal defense is, that a settlement had been
had between the parties; and the defendant further sets
up a counterclaim for damages in the sum of $300, which
he claims he suffered by reason of the failure of plaintiff
to cut the timber upon the land. Both the settlement and
counterclaim were denied by the plaintiff. The defendant
brought into court and tendered a deed to the land to
plaintiff, to be delivered when he completes the cutting of
the timber thereon. The evidence in the case very largely
consists of entries in the books of the plaintiff and de-
fendant, together with the explanations of the same, the
principal conflict being with regard to the settlement
which the defendant claims to have made on November
11, 1900, and as to whether or not the contract for the

purchase of the land was rescinded by defendant. It appears from the testimony that there were about 58,000 feet of saw timber left standing upon the land, at the time the plaintiff left it. The court instructed the jury with reference to the counterclaim: "As to the counterclaim interposed by the defendant, you are instructed that the burden of proof is upon the defendant; and, before he can recover upon the said counterclaim he must satisfy you by a preponderance of the evidence that he sold and delivered possession to the plaintiff of the land heretofore described; that plaintiff, to pay for the same, was to cut the saw timber as set forth in the said counterclaim, and that he at all times has been ready and willing to make a good and valid deed to the said land, when the plaintiff should comply with his part of said contract. If you believe from the evidence that said contract for the sale of the land was made between the parties as alleged in defendant's answer and counterclaim, and that the plaintiff complied with his part of said contract, with the exception of cutting about 58,000 feet of saw timber therefrom, then you are advised that the defendant, upon making a deed to the plaintiff, would be entitled to recover from the plaintiff the value, as shown by the evidence, of cutting said 58,000 feet of logs." The giving of this instruction was excepted to by defendant and is assigned as error. It is urged that this instruction is erroneous, because it omitted the fact that $30 was to be credited to plaintiff as a first payment on the land, and for various other reasons which it is not necessary to consider, since it is apparent from the verdict that the jury must have found that the defendant failed to prove that he sold and delivered possession of the land, and that he has been ready and willing to make a valid deed to the same when the plaintiff should comply with his part of the contract. There is a sharp conflict in the testimony in regard to this matter. While the parties agree that the timber was to be cut in exchange for the land, yet they disagree as to the time within which this was to be done,

They further disagree as to whether possession of the
land was ever actually taken by plaintiff, and further
disagree as to whether or not defendant informed plain-
tiff that he wanted to use the land himself, and rescinded
the contract.    Upon this conflicting evidence it is ap-
parent from the verdict that the jury found for the plain-
tiff and against the defendant upon the matter of the
counterclaim, and this finding being supported by the
evidence will not be disturbed.    Hence, the defendant
could not have been prejudiced by the omission from this
instruction of the matters of which he complains.

It is further assigned that the verdict is not sustained
by the evidence and is contrary to the instructions of the
court.    The jury were properly instructed as to the de-
fense of settlement.    It appears from the evidence of both
parties that a settlement was had between them upon
the 14th day of September, 1900, by which $30 was
credited to plaintiff upon the contract for the sale of the
land, and $10 was found to be still due and owing to him.
Accepting the testimony of plaintiff as true in regard to
the labor that he performed after the 14th day of Sep-
tember, 1900, and giving him credit for the $40 still in
the hands of Strong, the evidence fails to show that the
defendant owes him the amount found due by the verdict.
It is apparent that the jury disregarded the settlement,
entirely, when they gave the plaintiff a verdict for the
full amount claimed.

We doubt very much whether the most expert book-
keeper could arrive at any clear or definite conclusion
from the defendant's books, as to what credits he was
entitled to.    After our examination of the defendant's
bookkeeping, we do not wonder that the jury entirely dis-
regarded all his entries and his oral testimony, as to pay-
ments made by him.    Apparently, being unable to arrive
at any definite conclusion from his books or his testi-
mony, as to what credit he should have, the jury gave
the plaintiff all he asked for, by way of penalty for the
defendant's carelessness.    Such a verdict can not stand.

Under the instruction of the court, the jury should have taken into consideration the settlement of September 14, 1900, and given Eggert credit only for what he earned after that time, in addition to the amount then due him. For the failure of the jury to follow the instruction of the court with reference to settlement, and the verdict being in excess of the amount shown by the testimony to be due the plaintiff, the case should be reversed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and cause remanded for further proceedings.

REVERSED.