PERRY ANTHONY V. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1923. No. 22837.

1. **False Pretenses:** INDICTMENT. In an indictment charging defendant with obtaining a note by false pretenses with intent to cheat or defraud the maker of the note, the causal connection between the false pretenses and the obtaining of the note is an element of the statutory offense and must be positively and explicity stated. Comp. St. 1922, sec. 10074.

2. **Criminal Law:** INDICTMENT. In a criminal prosecution it is a substantial right of defendant to have all elements of the crime for which he is prosecuted stated in the indictment, and a failure in this respect may be a ground for reversing his conviction, this right not being defeated by the statute providing that convictions shall not be reversed for defects in the indictment, if they do not "tend to the prejudice of the substantial rights of the defendant upon the merits." Comp. St. 1922, sec. 10074.

ERROR to the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Reversed.*

*Doyle & Halligan,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and FLANSBURG, JJ., SHEPHERD, District Judge.

PER CURIAM.

In the district court for Lancaster county Perry

Anthony, defendant, was prosecuted under the statute declaring:

"Whoever by false pretense or pretenses shall obtain from any other person, corporation, association, or partnership, any money, goods, merchandise, credit or effects whatsoever with intent to cheat or defraud such person, corporation, association, or partnership of the same, or shall sell, lease or transfer any void or pretended patent right or certificate of stock in a pretended corporation and take the promissory note or other valuable thing of such purchaser, or shall fraudulently make and transfer any bill, bond, deed of sale, benefit or grant or other conveyance to defraud his creditors of their just demands, or shall obtain the signature or indorsement of any person to any promissory note, bank draft, bill of exchange, or any other instrument in writing, fraudulently or by mispresentation, if the value of the property or promissory note or written instrument or credit, fraudulently obtained or conveyed as aforesaid, shall be thirty-five dollars, or upwards, shall be imprisoned in the penitenitary not more than five years nor less than one year; but if the value of the property be less than thirty-five dollars, the person so offending shall be fined in any sum not exceeding one hundred dollars or be imprisoned in the jail of the county not exceeding thirty days and be liable to the party injured in the amount of damage sustained." Comp. St. 1922, sec. 9892.

The indictment consisted of ten counts, but defendant was answerable only under the fifth, which follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, in the name and by the authority of the state of Nebraska, do further present that Perry Anthony and Jacob C. Liesveld on or about the 22d day of November, 1919, in the county of Lancaster and state of Nebraska, then and there being, did then and there intending unlawfully and fraudulently to cheat and defraud Julia Nahley falsely, knowingly, designedly, un-

lawfully and feloniously, pretend, state and represent
to the said Julia Nahley that they were the agents of
and for the Lincoln Auto & Tractor School of Lincoln,
Nebraska, a corporation, organized and existing under
the laws of the state of Nebraska, and that they were
employed by said Lincoln Auto & Tractor School to
sell the common stock of said corporation; that said
common stock of said corporation which they then and
there offered for sale to the said Julia Nahley was
treasury stock of said Lincoln Auto & Tractor School
and that said Lincoln Auto & Tractor School had been
and was selling said common stock of said corporation
for $210 per share, and that said common stock was of
the fair and reasonable market value of $210 per share,
and that the said common stock of the said Lincoln Auto
& Tractor School had paid thirty per cent. dividends for
and during the preceding year; that both said defendants
owned the same kind of stock of the aforesaid company
that they were then and there offering for sale to the
said Julia Nahley, and that they and each of them had
paid $210 per share for said common stock; that relying
upon said false statements, pretenses and representations
of the said Perry Anthony and Jacob C. Liesveld made as
aforesaid, the said Julia Nahley did then and there
purchase, take and receive from the said Perry Anthony
and Jacob C. Liesveld thirty (30) shares of the common
stock of the Lincoln Auto & Tractor School of Lincoln,
Nebraska, a corporation, and did then and there execute
and deliver to the said Perry Anthony and Jacob C.
Liesveld her negotiable promissory note in the sum of
$6,300, of the value of $6,300, signed by herself or order
and by herself then and there indorsed with her signa-
ture; that said statements, representations and pretenses
so made by the said Perry Anthony and Jacob C.
Liesveld were wholly false; and the said Perry Anthony
and Jacob C. Liesveld were not then and there the
agents of and for the Lincoln Auto & Tractor School
of Lincoln, Nebraska, a corporation, employed by it to

Anthony v. State.

sell the common stock of said corporation; that the common stock of said corporation which the said defendants were then offering for sale to the said Julia Nahley was not treasury stock of said corporation; that the said common stock of the Lincoln Auto & Tractor School had not been sold and was not being sold by said corporation for $210 per share and that said common stock was not of the fair and reasonable market value of $210 per share, and that the said common stock of said corporation had not paid thirty per cent. dividends for and during the preceding year; that neither of said defendants owned common stock of said company for which they had paid $210 per share, all of which was well known to the said Perry Anthony and Jacob C. Liesveld who then and there made said false and fraudulent statements, representations and pretenses with the intent to cheat and defraud the said Julia Nahley, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Nebraska."

Upon a verdict of guilty, defendant was sentenced to serve in the penitentary a term of not less than one nor more than five years. As plaintiff in error he challenges his conviction as prejudicially erroneous.

It is argued that the indictment is fatally defective because it fails to charge positively and explicitly, as required by the criminal law, that defendant obtained the note as a result of the false pretenses pleaded and with the intent to cheat or defraud Julia Nahley. In a prosecution under this statute the law has been announced as follows:

"Such indictment or information must charge explicitly all that is essential to constitute the offense. It cannot be aided by intendment, nor by way of recital or inference, but must positively and explicitly state what the accused is called upon to answer." *Moline v. State,* 67 Neb. 164.

While it seems to be unnecessarily recited in the present indictment that Julia Nahley, relying upon the false pretenses charged, purchased from defendant the stock described, it is not positively and explicitly stated that the note was obtained as a result of the false pretenses. The obtaining of Julia Nahley's signature to the note by false pretenses does not appear to be the offense for which defendant was prosecuted. Perhaps what was meant to be charged was the obtaining of the note by false pretenses with the intent on the part of defendant to cheat or defraud Julia Nahley. False pretenses, the obtaining of something valuable as a result of the false pretenses and the intent to cheat or defraud the person wronged are all elements of the statutory offense. The causal connection between the false pretenses and the obtaining of something valuable cannot be ignored in criminal prosecutions; because it is an element of the unlawful act condemned by the statute. Courts generally have thus viewed the legislation from the time of its enactment. The intent to cheat or defraud and the obtaining of something valuable as a result of the false pretenses are generally understood to be elements of the statutory offense. 25 C. J. 631, sec. 62; *Schleisinger v. State*, 11 Ohio St. 669; *Enders v. People*, 20 Mich. 233; *Roberts v. State*, 85 Ark. 435; *Connor v. State*, 29 Fla. 455. The causal connection between the false pretenses and the obtaining of something valuable, being an element of the statutory offense, must be positively and explicitly stated in the indictment. *Moline v. State*, 67 Neb. 164. This element, as applied to the obtaining of the note, does not thus appear in the indictment in the present case. To avoid the consequence of the error, the state invokes the statute providing that convictions shall not be reversed for defects in the indictment, if they do not "tend to the prejudice of the substantial rights of the defendant upon the merits." Comp. St. 1922, sec. 10074. This statute was not intended to deprive accused of a substantial right, to his

prejudice. Under our system of criminal law it is a substantial right of accused to have all elements of the offense for which he is prosecuted stated in the indictment or information. Oral. charges or elements of a crime disclosed for the first time by the evidence during the trial are not measures of the substantial rights of a defendant in a criminal prosecution. The defect was called to the attention of the county attorney and the district court by a demurrer before the county and the defendant were put to the expense of a trial. The demurrer should have been sustained. The error is fundamental. It deprived defendant of a substantial right asserted at every stage of the prosecution. For this reason the judgment is reversed and the cause remanded for further proceedings.

REVERSED.