## PAUL PETERSON V. STATE OF NEBRASKA.

### FILED MARCH 1, 1927. No. 25348.

1. **Criminal Law: ROBBERY OF CORPORATION: PROOF.** In a prosecution for robbery where defendant is charged with holding up a messenger and taking money belonging to a corporation from him, it is only necessary in proving corporate character to show that the concern is a *de facto* corporation; and this may be done by proving that it was doing business as such.

2. ———: ———: ———. In a robbery case, the whole transaction may be shown, together with anything tending to connect the accused with the crime or to establish his identity.

3. ———: **INSTRUCTIONS: CONSTRUCTION.** Whether an instruction is reversibly erroneous is not to be determined from its language alone, but from an examination and consideration of the whole charge. In other words, the instructions in a case should be considered together, not section by section or paragraph by paragraph.

4. ———: **REDUCTION OF SENTENCE.** The supreme court will not often reduce the sentence imposed by the trial court, particularly where, as in the case at bar, the moral turpitude involved was great and the crime was a crime of violence.

ERROR to the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Jamieson, O'Sullivan & Southard,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., BLACKLEDGE and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The plaintiff in error, convicted of robbery and sentenced to fifteen years in the penitentiary, comes up on four assignments of error, viz.: There was no proof that the owner of the money taken was a corporation, as alleged in the information. The court improperly received in evidence certain exhibits. The court erred in its definition of the term "shortly after." The sentence was excessive.

While no one testified that the Alamito Dairy Company was a corporation, and no articles or records were offered

to establish the fact, the corporate entity of the concern was sufficiently shown by incidental testimony. The employee from whom the money and checks were taken testified that he was working for the Alamito Dairy Company; speaks of being at the Alamito Dairy plant; says that he had the Alamito Dairy deposit in his possession. The testimony recites that the defendant was at one time brought to said dairy company. Defendant himself testified that he was not in the vicinity of the Alamito Dairy on the day before the robbery, and declared that he had nothing to do with the Alamito robbery. The cashier of the company swore that she had been employed by the Alamito Dairy Company for eight years, had been cashier for six years, and had made up the deposit which was taken. This was enough to show that the concern was going and functioning as a corporation. There was enough in the record to justify the jury in finding that the concern was at least a *de facto* corporation. Even the authority cited by the plaintiff in error sustains this conclusion.

"In a prosecution for knowingly receiving goods which had been stolen from the freight cars of a railroad corporation while being transported, strict proof as to the existence of the corporation is unnecessary. It is sufficient to show that the company named in the information was, at the time charged, operating the railroad, and that the goods sold were stolen from freight cars upon its tracks. This establishes its *de facto* existence, which is sufficient." *Bloom v. State*, 95 Neb. 710.

In a prosecution for embezzlement from a corporation, it is plain that the character of the concern may become of peculiar importance. In this case the accused neither claims the property nor asserts any duty or privilege in regard to the same. His defense does not raise any question as to the character or capacity of the owner. Ordinarily, the purpose of setting forth the ownership of property taken in robbery is to negative any ownership on the part of the taker. The money was taken from Gondring, the

bank messenger employed by the Alamito Company. According to a Missouri holding, mere possession or custody in an employee is enough to make such employee the owner as against the thug that robs him. *State v. Montgomery,* 181 Mo. 19. See, also, *People v. Oldham,* 111 Cal. 648, and 34 Cyc. 1806-1810.

A careful examination of briefs and record convinces us that the trial court did not err in receiving in evidence exhibits 1, 2, 4 and 5—the grip frame, the buckle, the buttons, etc., and the canvas sack. All of these articles were found in the defendant's house three or four days after the robbery, together with silver and currency which was said to be the money taken. All were identified by the messenger and the cashier with much circumstance and detail. One of the police officers testified that the defendant told him that he would find the money at his house. The places where it was found indicated that it was ill-gotten. The leather had been burned from the grip frame which was dug from the ash heap; the buckle and buttons were shaken out of the furnace; the sack of silver was found buried in the earth in the basement. Guilty fear was obvious. Altogether, the foundation laid for the introduction of the exhibits in question seems unusually complete. In a prosecution for robbery, the entire transaction may be shown, together with anything tending to connect the accused with the crime or to establish his identity. *Keating v. State,* 67 Neb. 565; 34 Cyc. 1806, 1807. The court is of opinion that the ruling of the district court in this connection was without error.

When it is considered that the robbery was on the 12th, and the finding of the money on the 16th or thereabouts, the instruction of the court to the effect that the word "shortly" in "shortly after the theft of it" means "on or after the 12th day of November" could hardly have been prejudicially erroneous. Granted that the definition is not the approved one, it was not prejudicial when the two instructions, No. 7 and No. 11, are considered together. The

first paragraph of instruction No. 7 told the jury that the inference to be drawn from the mere possession of stolen property was for the jury alone; and the third paragraph of said instruction is in these words: "It is for the jury alone to say, in the light of all the facts and circumstances shown in the evidence, whether any such inference shall be drawn," i. e., inference of guilt from the unexplained possession of the property.

Whether an instruction be reversibly erroneous is not to be determined from its language alone, but from an examination and consideration of the whole charge. In other words, the instructions should be considered together, and not sentence by sentence or paragraph by paragraph.

A judgment should not be set aside on the ground of misdirection of the jury, if the court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred. Comp. St. 1922, sec. 10186.

There is no contention in the case at bar that the evidence was insufficient to sustain a conviction of the defendant, except in the particular that no formal proof of the character of the Alamito Dairy Company was adduced on the part of the state. Nevertheless, the whole of the evidence has been carefully examined with a view to passing upon the request of the defendant for a reduction of the sentence imposed by the district court. The section of the statute last above quoted gives the supreme court the power to reduce the punishment. In this case, however, the crime was heinous. The company's messenger, in his Ford, was pursued by the defendant in a heavier car and crowded against a telephone pole to make him stop. He was menaced with a gun in the hands of the defendant and about $3,600 was taken from him. It was highway robbery of the worst type. Fifteen years in the penitentiary is a stiff sentence, but in view of the danger to society and the moral turpitude involved it cannot be said to be excessive. The trial court was within the statute in fixing the term. It heard the

testimony and observed the defendant and this court is not inclined to interfere with its judgment.

No error being found in the record, the judgment of the district court ought to be, and is,

AFFIRMED.