HENRY MYERS v. STATE OF NEBRASKA.

FILED DECEMBER 9, 1927. No. 25816.

*Edward F. Hannon,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before GOSS, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

REDICK, District Judge.

Plaintiff in error was charged in three counts with unlawfully and feloniously selling, unlawfully transporting, and unlawfully having in possession intoxicating liquors. The second count was dismissed, and he was convicted on the first and third. The sale was charged as a second offense. He was sentenced under chapter 106, Laws, 1925, to pay a fine of $500 and be confined in the state penitentiary for not less than six months nor more than two years. He brings these proceedings, assigning error as follows: (1) Overruling his motion for a directed verdict; (2) verdict is not supported by the evidence; (3) in giving instruction No. 12; (4) in passing sentence upon the defendant.

1. The first and second assignments may be considered together. There was positive evidence that defendant actively assisted one Krull, who pleaded guilty, in producing and delivering the liquor to the purchaser, and while he denied all participation in the transaction it was a question for the jury. As to third count, it is argued defendant was merely the agent of the other party connected with the sale, and, having no title to the liquor, did not have possession, but merely the custody thereof. The evidence of the state, however, was to the effect that defendant participated in the profits of the transaction, part of the identical currency paid for the liquor being found upon his person. He attempts to explain this by saying he received it from the other party, Krull, in part payment of a debt. Whether defendant had such ownership in the liquor as to charge him as having the possession thereof within the meaning of the statute was also for the jury. Upon a careful examination of the record, we are convinced that the jury were justified in their finding that

defendant unlawfully sold and had in his possession the liquor in question.

2. The instruction complained of was given upon the return of the jury into court after deliberating five hours, and is as follows:

"You have requested that I give you a further instruction on the law of this case, indicating that you are uncertain whether or not one party who it is claimed was concerned in the sale of the liquor was or was not the agent of the other.

"You are instructed that, where two persons engage in a common enterprise to do an unlawful act, each taking part therein and each receiving a part of the profits derived from such unlawful act, both of such persons are principals and one is equally guilty with the other."

The criticism of this instruction is that it assumes that defendant was engaged in a common enterprise with Krull and received a part of the profit derived from the sale of the liquor. It is not claimed that the instruction is not correct as an abstract proposition of law, and had the language been "*If* two persons are," instead of "*where* two persons are," the instruction would have been beyond chance of criticism. However, we do not think the same will bear the construction contended for. It purports on its face to be an abstract statement, and the word "where" is broadly used in the sense of "in the case or in the instance in which," as it may be according to Webster. In several of the prior instructions the jury had been told that the facts of sale or possession must be proved by the state beyond a reasonable doubt, and we are of opinion that the jury could not have been misled by the language criticised.

3. Defendant was sentenced under section 3239. Comp. St. 1922, as amended by chapter 106, Laws 1925. The original section reads as follows:

"It shall be unlawful for any person to, in any manner, knowingly carry, transport or deliver any intoxicating liquor to or for any person to be kept, stored, sold, fur-

nished, given, traded or otherwise disposed of in violation of law."

As amended: "Any person, who shall by himself, or through his agent, carry or transport, for the purpose of sale, sell, or give away, trade, deliver or otherwise dispose of, any intoxicating liquor," etc. And provided a penalty for the second and each subsequent offense a fine of not less than $500 nor more than $5.000 and imprisonment in the penitentiary not less than six months nor more than two years, and declared the second offense to be a felony.

By section 3238, Comp. St. 1922, the sale of intoxicating liquor was declared a misdemeanor, and, by section 3288, the penalty for a second offense was imprisonment in the county jail not less than 60 days nor more than 90 days, and the third offense was declared a felony and punishable as such.

The question for determination is whether the complaint in this case charges an offense under section 3238 or section 3239, Comp. St. 1922, as amended. The latter is known as the section providing penalties for "bootlegging," and in *Knothe v. State,* 115 Neb. 119, we held that an information under this section was required to charge, in addition to the sale, some element of the crime of bootlegging, such as carrying or transporting liquor. As noted above, the first count in this case merely charged that the defendant did "unlawfully and feloniously sell intoxicating liquor;" but it is the contention of the state that the use of the word "feloniously," in charging a second offense, clearly tied the information to section 3239, as a second offense under section 3238 was only a misdemeanor, and that by the use of that term any other element of the crime of bootlegging was sufficiently charged. We cannot agree to this proposition. We think the term "feloniously" cannot be made use of to supply a constituent element of the crime charged; it is merely descriptive or a characterization of the criminal act which must be set forth in the information substantially as denounced by the statute. That

the information must allege directly, and not by inference, each material element of the crime is so well understood that no citation of authorities is needed. One of these elements of the crime of bootlegging is carrying or transporting the liquor, which is not alleged and cannot be inferred from the term "felonious." Moreover, in *Drawbridge v. State,* 115 Neb. 535, we held that an information charging that the defendant "wilfully, knowingly, unlawfully and *feloniously* did sell intoxicating liquor to one Jack Moyer" charges an offense under section 3238, and that it was error to apply thereto the provisions of chapter 106, Laws 1925.

We therefore conclude that the record is without error, except as to the penalty imposed; and the judgment of the district court is reversed and the cause remanded, with directions to impose a sentence as provided by section 3288, Comp. St. 1922.

REVERSED.