RICHARD STOWE V. STATE OF NEBRASKA.

FILED JULY 10, 1928.   No. 26360.

*George H. Merten*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Bryce Crawford, Jr., contra.*

Heard before GOSS, C. J., ROSE, DEAN and THOMPSON, JJ., and CHASE and WHEELER, District Judges.

GOSS, C. J.

A jury found the defendant guilty of larceny of "property" valued by it at $75. From a judgment and sentence thereon the defendant brings error proceedings. Various errors are assigned. Only one of them needs discussion.

The information served on the accused and to which, when arraigned, he pleaded not guilty consisted of two counts. Count 1, omitting words not in controversy, charged that the defendant "unlawfully and feloniously did steal, take and carry away $75 in money, of the value of $75, the personal property of the United States National Bank, a corporation;" count 2 charged that the defendant, "then and there being the bailee of certain personal property of the United States National Bank, a corporation, and while said property was so held by him, as such bailee, did then and there unlawfully and feloniously convert said property to his own use."

After the state introduced its evidence and rested, counsel for defendant announced that he would like to take a recess until 2 o'clock to give him time to prepare a motion, and the court, stating that it was near the noon hour, granted the request. When court reconvened the prose-

cutor asked leave to reopen his case and to amend the information by inserting after the words in count 1, "the value of $75," the following clause: "And certain creamery checks signed by the Harding Creamery Company and indorsed by the payees therein named in blank, of the value of $73.76." Over the objection of counsel for defendant the court allowed the amendment. The prosecutor then voluntarily announced that counts 1 and 2 were in a measure similar, and, if required to elect on which count he would stand, he would elect to stand on count 1. Evidently the court understood him to elect that, for in his charge to the jury the court, without further explanation, stated the issues in the first paragraph of his instructions by reciting count 1 as if the amendment previously allowed were in that count, and made no reference to the second count. The trial proceeded without any further arraignment or plea or time to meet the new matter injected into the information by the amendment.

Was the amendment in the circumstances recited such a violation of the constitutional rights of the defendant as to amount to prejudicial error?

Article I of our state Constitution is very properly termed a "Bill of Rights." Section 11 thereof says, so far as it need be quoted here: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation, and to have a copy thereof." Pursuant thereto and to carry it into orderly effect, the legislature has provided that "no one shall be, without his assent, arraigned or called on to answer to any indictment until one day shall have elapsed, after receiving in person or by counsel, or having an opportunity to receive a copy of such indictment as aforesaid." Comp. St. 1922, sec. 10104. Informations are governed by the same rule as indictments. Comp. St. 1922, sec. 10086.

The prosecution was begun by complaint in the municipal court. The transcript thereof is in the record. It

shows that counts 1 and 2 both charged the stealing of $75 in money from the bank, one directly, and the other as bailee. Thus the defendant never had any preliminary hearing on the charge of larceny of anything but money. The second count of the information upon which he was arraigned in the district court, heretofore quoted, is an indefinite charge of larceny as bailee of certain personal property of the bank. Taken with what was charged in the same count in the complaint in the court below it could not have given him notice of the charge included in the amendment to the first count of the information to the effect that he was accused of stealing the creamery checks there described; for checks are not money, though when good they may often be exchanged for money. For the purpose of preparation for trial it might often be that one charged with larceny would be at as distinct a disadvantage when sought to be convicted by proofs of' stealing checks on an indictment for stealing money as would one when sought to be convicted by proofs of stealing a steer on an indictment for stealing a horse.

The defendant was, in the end, tried and convicted on the first count, as that was the only count submitted to the jury. The verdict says: "We the jury * * * do find the said defendant guilty of larceny and find the value of the property stolen to be seventy-five dollars as charged in the information." There is nothing in the verdict to show the nature of "the property stolen," whether money or other property or both. The proofs do not appear to us to indicate the possibility of the jury finding that more than $25 in money had been stolen. This analysis of the verdict shows that the jury cannot be said to have reached their verdict on count 1 of the information as originally drawn. The jury must have been influenced by the amendment.

The defendant, therefore, was not charged in the information in such fashion as to disclose the "nature and cause of accusation" against him and on which his conviction must rest, if at all. "A person accused of a felony must be charged by an information or indictment which

discloses the 'nature and cause of accusation' preferred against him." *Moline v. State*, 67 Neb. 164. In the course of that opinion the court said, page 171: "The object of the constitutional guaranty is doubtless for the purpose of having the accused informed of the precise offense for which he must answer, and thus enable him to meet and defend against that particular accusation, when judicially called upon to do so."

It is sought by the state to avoid the effect of the record made by defendant by the application of our statute that prevents us from setting aside a judgment in any criminal case "for error as to any matter of pleading or procedure," if after examination of the entire cause we shall consider that no substantial miscarriage of justice has actually occurred. Comp. St. 1922, sec. 10186. We do not regard this as a mere error as to a matter of procedure, but rather as a violation of the constitutional right of the defendant. That right the legislature never intended to take away by the section sought to be invoked. Under section 10186, Comp. St. 1922, the court will not ignore "error as to any matter of pleading or procedure" in a criminal action, when thereby the constitutional rights of the accused conferred by section 11, art. I of the Constitution, have been violated by failure to give him proper notice of the "nature and cause of accusation" against him.

The conclusion which we have reached renders it unnecessary to discuss other matters assigned. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

WHEELER, District Judge, dissents.