GEORGE EDWARD MACDONALD v. STATE OF NEBRASKA.

FILED FEBRUARY 10, 1933. No. 28189.

*A. W. Jefferis,* for plaintiff in error.

*C. A. Sorensen, Attorney General, Homer L. Kyle* and *Jack W. Marer, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ., and RAPER, District Judge.

GOSS, C. J.

Defendant, George Edward MacDonald, was convicted of the crime of obtaining money by false pretenses. His principal contention is that the information upon which he was tried failed to charge an offense under the statute, section 28-1207, Comp. St. 1929. This was raised by demurrer to the information and was preserved throughout the record. The point stated in the language of the demurrer is:

"Because the information fails to charge explicitly and positively that the defendant obtained any sum of money as a result of the alleged false pretenses pleaded with the intent to cheat and defraud Mary Gercke."

The information satisfactorily charges the intent to cheat and defraud Mary Gercke, sets out certain representations as to the Platinum Metals Corporation, alleges that the representations were false, and then charges in these words that to which the demurrer is directed:

"That relying upon said false pretenses and false representations of the said George Edward MacDonald, the said Mary Gercke did then and there give to the said George Edward MacDonald and the said George Edward MacDonald did then and there receive from the said Mary Gercke the sum of $2,900, of the value of $2,900, the said Mary Gercke thereupon receiving from the said George Edward MacDonald two certificates of stock of the Plat-

inum Metals Corporation, a Wyoming corporation, for a total of five thousand shares of the capital stock of said corporation."

The statute begins: "Whoever by false pretense or pretenses shall obtain from any other person," etc. Defendant's argument is that the word "receive," used in the information, is not the equivalent of the word "obtain," used in the statute. It is established that, in charging the commission of an offense in an indictment or information, it is not necessary that the exact words of the statute be used, if words of equivalent meaning are employed. *Whitman v. State*, 17 Neb. 224; *Hodgkins v. State*, 36 Neb. 160; *Peterson v. State*, 64 Neb. 875; *Smith v. State*, 72 Neb. 345; *Hase v. State*, 74 Neb. 493; *Clark v. State*, 102 Neb. 728. Under an indictment that alleged the defendant "induced said county" to pay him a certain sum, it was held that the words in their ordinary acceptation mean the same as an allegation that the defendant "obtained" from the county that sum. *State v. Brown*, 143 Wis. 405. Even an information charging that defendant induced one to part with a stock of goods in exchange for a note and mortgage satisfies the language of the statute making it an offense to "obtain" such property. *State v. Underwood*, 17 Okla. Cr. Rep. 443. In *West v. State*, 63 Neb. 257, the information recited that the complaining witness, relying upon the false representations, "sold and delivered" to the defendant certain horses and did "accept" from defendant a certain note. The substance of this part of the information, like that under consideration, did not further explicitly recite that the defendant obtained the property by means or as a result of the representations, or that the complaining witness was caused or induced thereby to part with his property. It was held that the information charged sufficient facts to constitute the crime of obtaining property by means of false pretenses.

On this point now under consideration, the chief reliance of defendant is in *Anthony v. State*, 109 Neb. 608.

There it was held that in an indictment charging defendant with obtaining a note by false pretenses the causal connection between the pretenses and obtaining the note must be positively stated. The part of the indictment corresponding to that in the instant or *MacDonald* case recites that, relying upon the representations, she (complainant) "did purchase, take and receive" the shares of stock, and "did then and there execute and deliver to" defendant her negotiable promissory note. in the sum and value of $6,300. This does not charge that the defendant received or accepted the note. In the *MacDonald* case it was expressly alleged that the complaining witness not only gave but that the defendant received from her the sum of $2,900. That is the vital difference between the two cases. There was lacking in the *Anthony* case the positive and explicit statement that defendant received the note. On the same principle this court has held in a civil case, involving an oral contract for corn, that a delivery alone by the vendor is not sufficient to take the contract out of the statute of frauds, but there must also be a receipt and acceptance by the vendee of the thing sold, to have that effect. *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339. As the Anthony indictment did not charge that Anthony received the note, that element of causal connection between the false pretenses and the obtaining of the note was missing. The decision reversing the conviction there was right. It does not support appellant's point here.

Defendant claims the information was defective because it did not allege any completed fraud resulting in loss to Mary Gercke. The statute did not call for such an element. The rule is stated in 25 C. J. 635: "An indictment for obtaining property by false pretenses need not allege specifically that prosecutor suffered loss by reason of the false pretense, except when, as under a few statutes, actual loss is an element of the offense."

We think the information was sufficient, though we would recommend to pleaders the use of the words of the

statute, rather than those of the pleader's choice. This will avoid the danger lurking in a decision as to what are equivalent words.

Defendant contends that his plea in bar alleging former jeopardy should have been sustained. Defendant had been charged previously on account of the same offense. Defendant demurred to that information and the court overruled his demurrer. After the trial had been duly entered upon before a jury, the county attorney asked permission to amend the information, whereupon the court reversed his former ruling, sustained defendant's demurrer to the defective information, and dismissed the jury without a verdict.

In *State v. Priebnow*, 16 Neb. 131, after a jury was impaneled, defendant's objection to any testimony was sustained for the reason the indictment did not charge a crime. Held, that did not constitute an acquittal which could be pleaded as a bar to a subsequent indictment. For other cases, see *Steinkuhler v. State*, 77 Neb. 331; *Roberts v. State*, 82 Neb. 651; *McKay v. State*, 90 Neb. 63; *Gragg v. State*, 112 Neb. 732; 16 C. J. 246. We think the plea of former jeopardy was properly overruled.

There are other assignments, but we think they are fully disposed of by the observations already made. The judgment of the district court is

AFFIRMED.