LLOYD MORRIS PAULI, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

37 N. W. 2d 717

Filed May 19, 1949.   No. 32610.

*Straight Townsend,* for plaintiff in error.

*James H. Anderson,* Attorney General, and *Walter E.
Nolte,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The defendant, Lloyd Morris Pauli, was charged with
the crime stated in section 28-572, R. S. 1943, of felonious,
willful, and malicious destruction of personal property
of a value of more than thirty-five dollars.   He was

convicted of the offense and sentenced to the State Reformatory for Men at Lincoln, Nebraska, for a period of from 33 to 36 months. He brings the case here to review the record of his conviction by writ of error, and for convenience will hereinafter be referred to as the defendant.

There is little dispute in the evidence. It appears that during the night of June 18 and the early morning hours of June 19, 1948, the defendant broke out a window and entered Our Lady of Guadalupe Church located at 1110 South Twelfth Avenue in the city of Scottsbluff, Scotts Bluff County, Nebraska, and destroyed personal property situated therein such as religious articles used in the ritual of the church during services, totally demolishing the same. The defendant admits that he broke and entered the church and destroyed personal property located therein because he was against the form of worship conducted in the church. There is evidence that the defendant had been drinking intoxicating liquor. A police officer testified he believed the defendant was under the influence of intoxicating liquor and narcotics to some extent, but to what extent is not shown. The defendant, when arrested, had in his possession certain religious articles he obtained while in the church, and apparently did not hesitate to tell the police officers of the destruction he wrought while inside the church. No testimony was offered in behalf of the defendant.

The administrator of Our Lady of Guadalupe Church testified that the real estate was owned by the diocese of Grand Island; that the church was composed of a designated group of people who used the same for services and religious worship; that he was in full and complete charge of the mission or church and familiar with the personal property located therein; that the articles used in the ritual for the religious services were purchased by the people who used the church; that he had been associated with the church since October 1939, and was acquainted with and knew the general extent

of the articles which were injured and destroyed during the night of June 18 and early morning of June 19, 1948; that such articles, for the most part, could not be restored to their normal use and were injured and destroyed to the extent of the value of $1,900; and that he fixed the value of the articles so destroyed and demolished on the basis of his experience in purchasing such articles and on an attempt to replace them.

The defendant moved to strike the evidence of the administrator of the church for the reason there was complete lack of evidence that the property belonged to the church, and ownership thereof, as alleged in the information, was one of the essential elements of the offense.

From the record there is no question but that the administrator of the church had the full control and custody of the religious articles that were destroyed, and conducted the services in the church for and in behalf of those persons who worshipped there and who furnished and purchased such articles. It may be true, the administrator's testimony in such respect might have been more detailed or complete with reference to specific items, however, in the absence of contradictory testimony as to the value of such articles and the ownership thereof, we conclude the evidence of the value and ownership of such destroyed articles was ample and sufficient, and the trial court did not commit prejudicial error in overruling the defendant's motion to strike the testimony of the administrator of the church.

Defendant contends the information failed to allege a crime under section 28-572, R. S. 1943, for the reason that the alleged ownership of the property is not in either a person or persons, a corporation, or an association of persons, as provided in such section, and calls attention to the language in such statute as follows, with reference to property "of the value of thirty-five dollars or more, owned by any such person or persons, corporation, or association of persons," none of which

language appears in the information, but merely the language and description "Our Lady of Guadalupe Church."

The objection of the defendant to the information is very technical. Supertechnical rules in the drawing of complaints, informations, and indictments have been abandoned by this court in recent years where it appears that the defendant was not misled and understood the charge as filed against him. See Buckley v. State, 131 Neb. 752, 269 N. W. 892.

An information which, with reasonable certainty, apprises the defendant of the charge filed against him so that he may prepare a defense and plead the judgment as a bar to subsequent prosecution for the same offense, meets fundamental purposes of such information, as well as constitutional requirements. See, Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868; Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111; § 29-2308, R. S. 1943; Holmes v. United States, 134 F. 2d 125, certiorari denied, 319 U. S. 776, 87 L. Ed. 1722.

We conclude the information in the instant case fully and adequately informed the defendant of the crime charged. The defendant's contention is without merit, and is overruled.

The defendant predicates error in that the trial court overruled his motion objecting to the introduction of any evidence and submitting the cause to the jury when the information charged the defendant under section 28-572, R. S. 1943, rather than under the provisions of section 28-578, R. S. 1943. In this connection the defendant relies on the case of Wallace v. State, 91 Neb. 158, 135 N. W. 549.

In the cited case the defendant was charged under the Criminal Code (§ 7776a, Comp. St. 1909; § 2145a, Ann. St. 1909) with hog stealing, which provided a term in the penitentiary upon conviction. At that time section 119 of the Criminal Code (§ 7778, Comp. St. 1909; § 2193, Ann. St. 1909) provided punishment for

any person stealing goods or chattels of any kind or nature of the value of less than thirty-five dollars, while section 114 of the Criminal Code (§ 7772, Comp. St. 1909; § 2187, Ann. St. 1909) was of like purport except it provided for stealing of goods or chattels of any kind or nature of the value of thirty-five dollars, or upward, and prescribed a penalty for such violation of the statute. The defendant was convicted of the crime of hog stealing. He appealed to this court contending he might have properly been charged under the sections of the statute hereinbefore summarized, and that the section of the statute under which he was prosecuted rendered the hog stealing statute, designated as section 117b, obnoxious, in that it destroyed the uniform operation of the law. This court said: "We cannot give our assent to this contention. By section 117b hog stealing is made a definite and substantive crime. The information on which the defendant was prosecuted charged him with a violation of that section, and in order to warrant a conviction the state was required to produce testimony establishing the commission of that offense." Therefore, the effect of section 117b was to eliminate the offense of hog stealing from the provisions of sections 114 and 119 of the Criminal Code, and compel the State to prosecute, if at all, under the provisions of that section.

The defendant contends the situation in the instant case is identical with that as stated and announced in Wallace v. State, *supra*. In the instant case the defendant was charged under section 28-572, R. S. 1943, which provides in part: "If any person shall willfully and maliciously destroy or injure personal property of any description whatever, or any building or structure of any kind whatsoever upon land, of the value of thirty-five dollars or more, owned by any person or persons, corporation, or association of persons, every person so offending shall be punished * * *" and prescribes the punishment. To like effect is section 28-573, R. S. 1943, except

as to the value of the property, that is, property under the value of thirty-five dollars, and the punishment is prescribed in such section. The section of the statute which the defendant contends if prosecuted at all he must be prosecuted under is section 28-578, R. S. 1943, which provides, in part: "Whoever shall willfully and maliciously injure or deface any church edifice, * * * buildings, its fixtures, books or appurtenances, or shall commit any nuisance therein, * * *" and prescribes the penalty.

We are not in accord with the defendant's contention in such respect. We have heretofore set out the essential elements of the offense as shown by section 28-572, R. S. 1943, under which the defendant was charged, and of section 28-578, R. S. 1943, under which the defendant contends he should have been charged. From the evidence appearing in the record in the instant case it is abundantly clear that the defendant was guilty of willfully and maliciously destroying personal property within the meaning and contemplation of section 28-572, R. S. 1943. The defendant's contention that the acts committed by him were a willful and malicious defacing or injury of a church, its fixtures, books, or appurtenances, as provided in such section, cannot be acquiesced in, and is untenable under the evidence as it appears in the record in this case. There is a substantial and material distinction and difference in the two crimes as defined in said sections, and the evidence adduced clearly placed the acts charged within the contemplation and purview of section 28-572, R. S. 1943.

The language contained in Wallace v. State, *supra,* is not conclusive in all events and especially under the circumstances of the instant case. There are cases too numerous to cite where prosecutions are brought under statutes involving different degrees of an offense.

The defendant predicates error on the part of the trial court in certain instructions given to the jury, among them instruction No. 8 to the effect that the evidence

offered in this case that the personal property injured and destroyed was purchased by a group of people who use Our Lady of Guadalupe Church and mission for services and religious worship, the contention being that this instruction assumed the corpus delicti was established. From an examination of the instructions, the following authority is applicable.

Instructions are to be considered together, to the end that they may be properly understood, and, when so construed, if as a whole they fairly state the law applicable to the evidence, error cannot be predicated on the giving of the same. See Herman v. Firestine, 146 Neb. 730, 21 N. W. 2d 444.

Instructions were tendered by the defendant with reference to the effect of intoxication. These instructions were rejected and instructions dealing with this subject were given by the trial court. The degree of intoxication of the defendant, or the fact that he might have been under the influence of intoxicating liquor and narcotics is not shown. From an examination of the instructions, we find the same to be without prejudice to the defendant.

"A judgment will not be set aside because a more accurate statement of the law might have been made than that contained in the instructions, when from a consideration of the instructions as a whole no prejudicial error appears." Wright v. Cameron, 148 Neb. 292, 27 N. W. 2d 226.

The defendant contends the sentence is excessive, and cites cases where this court has reduced the sentence when the court felt the same to be excessive, as provided for in section 29-2308, R. S. 1943.

The Supreme Court will not often reduce the sentence imposed by the trial court, particularly where the crime involved great moral turpitude and was one of violence. See Peterson v. State, 115 Neb. 302, 212 N. W. 610.

In Ayres v. State, 138 Neb. 604, 294 N. W. 392, this

court held that sentence lies with the judge, even when leniency has been recommended.

In the instant case the court imposed a sentence which in his sound judicial discretion met the requirements of the crime of which the defendant was found guilty. From an examination of the record we see no reason to disturb this sentence.

Other assignments of error are not necessary to be determined.

For the reasons given in this opinion the verdict of the jury and the judgment of the trial court thereon is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.