AVERY MAY, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA,
DEFENDANT IN ERROR.

44 N. W. 2d 636

Filed November 22, 1950.    No. 32857.

*J. E. Willits,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *William T. Gleeson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Avery May, defendant and plaintiff in error, was accused and convicted of failure to pay, without good cause, amounts provided for support of his children by a decree of divorce rendered in the district court for Adams County. He was given the maximum sentence. His application for a new trial was denied and he has presented the record of his conviction and sentence to this court for review.

The statute defining the crime of failure to pay, without justifiable reason, previously adjudged amounts for child support (§ 28-450, R. R. S. 1943) contains these provisions: "Whenever any husband, against whom a decree for divorce and alimony for the support of his children shall have been rendered by any court in this state, shall, without good cause, refuse or neglect to pay to the persons noted the amounts and manner provided by such decree for the support of such child or children, he shall on conviction be punished by imprisonment in the penitentiary for not more than one year, or be imprisoned in the county jail not more than six months for each offense. The refusal or neglect to so pay each separate installment or payment of such money as provided by the decree shall be held to be a separate offense and punishable as such." Contrary to the argument of the State, this act does not create or define "a continuing crime." It provides in the clearest language that the failure to pay without good cause each separate installment or payment of such money as provided by the decree shall be held to be a separate offense and punishable as such. In a prosecution based on this act, the facts constituting each obligation of the accused to pay child support as provided in the decree of divorce, and

each default made by him in that regard should be alleged with reasonable certainty as a distinct offense and, of course, more than one obligation to pay and more than one failure to perform might properly be included in separate counts in a single information. Sheppard v. State, 104 Neb. 709, 178 N. W. 616, 18 A. L. R. 1074; Forney v. State, 123 Neb. 179, 242 N. W. 441. See, also, Fussell v. State, 102 Neb. 117, 166 N. W. 197, L. R. A. 1918F 421.

The accusation made by the information is: "* * * that AVERY MAY * * * in the County of Adams, and State of Nebraska * * * then and there being, against whom a Decree of Divorce and child support has been rendered by this Court is and has been without good cause, refusing and neglecting to pay the child support as provided in the said Decree of Divorce for the support of his children, * * *."

The essential elements of the offense defined in the statute are that a decree for divorce and support of children was rendered against the accused by a court of this state requiring him to pay an amount in a specified manner at a designated time for the benefit of his children, and that the accused has, without good cause, failed to pay it at the time and in the manner required by the decree. The information does not by direct allegation assert that a decree of divorce and support for the children of the accused was rendered by a court of this state against him, that it adjudged him to pay in a designated manner for support of his children an amount on a specific date, or that he had failed to pay, without good cause, an amount of child support at the time and in the manner provided and required in the decree. These are essential facts to be alleged before it can be said the offense sought to be charged against the defendant is set forth in the manner required to constitute a sufficient charge of the crime.

An information must inform the accused with reasonable certainty of the charge against him that he

may prepare his defense and be enabled to plead the judgment thereon as a bar to a later prosecution for the same offense. Article I, section 11, Constitution of Nebraska; Pauli v. State, 151 Neb. 385, 37 N. W. 2d 717. It must state expressly and directly each fact that is an essential element of the crime intended to be charged so that the accused will not be required to go beyond the information to learn the nature of the charge against him or the issue he must meet, and it cannot be aided by intendment, by anything stated therein by way of mere recital, or by inference or implication. Anthony v. State, 109 Neb. 608, 192 N. W. 206; Myers v. State, 116 Neb. 287, 216 N. W. 807; Stowe v. State, 117 Neb. 440, 220 N. W. 826; Davis v. State, 118 Neb. 828, 226 N. W. 449; Hase v. State, 74 Neb. 493, 105 N. W. 253; Moline v. State, 67 Neb. 164, 93 N. W. 228; 42 C. J. S., Indictments and Informations, § 92, p. 968.

In charging the commission of a crime there is a commendable tendency to relax the requirements of ultra technical accuracy, the statement of confusing nonessential matters, and repetitious verbiage. Blazka v. State, 105 Neb. 13, 178 N. W. 832; Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111. However, this does not relieve the State from complying with constitutional requirements in making a charge of the commission of a crime. Cowan v. State, *supra.* The court will not disregard a defect as to any matter of pleading or procedure in a criminal action when because thereof the constitutional rights of the accused have been violated by failure to give him proper notice of the nature and cause of the accusation against him. Barton v. State, 111 Neb. 673, 197 N. W. 423; Stowe v. State, *supra.*

The most astute and experienced person could not know from the information alone the nature of the charge against the accused and the issue he must meet. A judgment thereon could not be pleaded in bar of a subsequent prosecution. The objection that the infor-

mation fails to state a crime against the defendant must be sustained.

The charge to the jury, in an inadvisable attempt to save a case based on a hopeless foundation, instructed that the information was general and covered the whole period from the time of the rendition of the divorce decree to the filing of the information, but that the State had elected to rely upon the payment of $65.00 due on "May 1, 1949" and the only question for the jury to determine was whether or not defendant was guilty or innocent, in accordance with the material elements set forth in another instruction, as to the payment due "May 1, 1949." The other instruction referred to advised the jury that the accused must be found not guilty unless it found from the evidence beyond a reasonable doubt, among other things, that defendant "during the month of May 1949" without good cause, failed to pay the child support as provided in the decree of divorce for the support of his children. The verdict found defendant "guilty in manner and form as charged in the Information." The court construed the information and advised the jury that it charged failure of the defendant to pay all of the amounts required by the decree of divorce for child support from the date thereof, April 13, 1946, to the filing of the information, July 7, 1949. This meant 39 payments of $65.00 each. But the court limited the jury to ascertaining whether or not defendant had without good cause failed to pay the installment due on May 1, 1949. The jury in direct and obvious disregard of the instructions found the defendant guilty of all that was covered by the information as it had been construed by the court in its charge. A verdict of guilty in a criminal case arrived at in plain disregard of the instructions of the court is contrary to law. A jury is bound by, and must accept and be governed by, the instructions of the court, and where the record shows that the jury disregarded them, a conviction in a criminal case is wholly vitiated and the judgment thereon will

not be sustained. 23 C. J. S., Criminal Law, § 1118, p. 616; 53 Am. Jur., Trial, § 278, p. 235, § 510, p. 412; Annotation, 72 A. L. R. 911; Westinghouse Co. v. Tilden, 56 Neb. 129, 76 N. W. 416; Strong v. Eggert, 71 Neb. 813, 99 N. W. 647; Hawe v. Higgins, 89 Neb. 575, 131 N. W. 937; Long v. Railway Mail Assn., 145 Neb. 623, 17 N. W. 2d 675.

There is implicit in the verdict of the jury a finding that defendant had wholly failed without good cause to perform and satisfy any part of the decree requiring him to make monthly payments for the support of his children. This is contrary to the uncontradicted evidence. He admittedly paid $65.00, and $100.00 was produced by an execution issued upon the decree. A remittance was made by defendant while he was employed in the State of California. In addition to these facts, it is shown that for a part of the time involved the defendant was wholly disabled by illness, and had no property, money, earnings, or income. A verdict of guilty in a criminal case contrary to the evidence cannot be sustained. Sovereign Camp of the Woodmen of the World v. Hruby, 70 Neb. 5, 96 N. W. 998; Kenesaw Mill & Elevator Co. v. Aufdenkamp, 106 Neb. 246, 183 N. W. 294; Burchmore v. Byllesby & Co., 140 Neb. 603, 1 N. W. 2d 327.

The judgment should be and is reversed, and the cause is remanded to the district court.

REVERSED AND REMANDED.