STATE OF NEBRASKA, APPELLEE, v. KENNETH EUGENE KELLY, APPELLANT.

205 N. W. 646

Filed March 30, 1973. No. 38727.

Jeffrey L. Orr, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

In this appeal from the jury conviction and a sentence from 6 to 10 years for the crime of rape, the defendant asserts that the indeterminate sentence of 6 to 10 years was excessive and that at trial he was represented by ineffective and inadequate counsel. From adverse rulings on these issues by the District Court, the defendant appeals. We affirm the judgment and sentence of the District Court.

The defendant was 14 years of age and was confined to the Boys' Training School in Kearney, Nebraska, at the time of the offense. A detailed review of the circumstances of the offense is not necessary. Suffice to say, it is undisputed that a vicious and brutal rape was perpetrated upon a female office employee of the school while the defendant was acting as her office boy. The evidence shows that the defendant administered a brutal beating to the prosecutrix before and during the commission of the offense. The record further indicates that there was a previous incident in which the defendant grabbed a 50-year-old female counselor by the throat during a counseling session, attempted to open a door of a closet nearby, but the counselor was able to get control of the situation and subdue the defendant before anything serious occurred.

It may fairly be said that the primary thrust of the defendant's argument is the defendant's age. The District Court, in its discretion, recognized this problem and the record shows a careful protection of the defendant's rights and a careful examination of the record and history of the defendant. It reveals a comprehensive psychiatric and neurological evaluation by an Omaha psychiatrist. The psychiatrist found that no psychosis was

present and indeed the record in this case and the defendant's testimony demonstrate an oriented and articulate human being. Prior to this psychiatric examination the defendant had been taken to the Lincoln State Hospital for approximately 3 weeks observation and then returned to Kearney for trial. The record reveals an unstable and disturbed family background in childhood. It also reveals that he has been in trouble since 1965 when he was 10 years of age; that he was in juvenile court of Douglas County; and has been caught stealing four different automobiles. We characterize this report otherwise by simply stating that the psychiatric examination and his own version to the psychiatrist reveals that he is a youth of precocious experience, an example being that he started having hetero-sexual relations at 12 or 13 years of age. The evidence indicates a continuing condition of bitterness and hostility on the part of the defendant, nonresponsive to the counseling and the training at the school. An example is this statement: "Judge Hart sent my brother to the pen. I'm going to kill him * * *." The record not only fails to reveal proof of an abuse of discretion by the trial judge in imposing the sentence (State v. Chaney, 184 Neb. 734, 171 N. W. 2d 787), but affirmatively supports a finding of a detailed and careful consideration of all the circumstances, indicating a grave need to protect the public and society, and a sentence that would carry the defendant beyond adolescence with the hope of rehabilitation. The crime involved here is one involving great moral turpitude and violence. Significance should be given to these factors. Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689; Peterson v. State, 115 Neb. 302, 212 N. W. 610. We also observe that section 28-408, R. R. S. 1943 (rape), was amended in 1969 to prescribe a wider range of penalty for the crime of forcible rape of not more than 50 nor less than 3 years (previously not more than 20 nor less than 3 years). There is no merit to the contention

that the indeterminate sentence of 6 to 10 years was excessive.

The defendant's new counsel on appeal raises the issue of the incompetency and inadequacy of his trial counsel. The lower court granted him a hearing on this issue. We are in a position to review this issue in this appeal because of the fact the new counsel represented the defendant at the hearing and in this court. We have reviewed the record on this issue and agree with the trial court that this contention is utterly without merit. His basic contention is that he was afforded ineffective counsel in that he did not have a complete defense to the charge of rape because the sexual act was performed without force and with the consent of the prosecutrix, and that his defense counsel failed to interview and obtain witnesses to establish this defense. The defendant utterly failed to establish this allegation. None of the four witnesses identified by him as supporting this defense were called to testify at this hearing nor was their failure to be called as witnesses explained. There was an utter lack of corroboration of the allegation and contention that neither force nor nonconsent were involved in his admitted sexual act with the prosecutrix. Indeed the undisputed testimony, supported by photographs of the prosecutrix taken after the beating, suggests that the defendant's present contention is a pure afterthought. A review of the motion the defendant filed and of the record discloses that at no time did the defendant allege he told his attorney or put him on notice about the defense of consent. Rather, the almost incredible contention is made that notwithstanding the defendant's singular silence to his attorney, the defendant's attorney should have developed facts supporting this defense, which even now is not supported and not corroborated by witnesses or testimony on the hearing. The record reveals that the defendant's attorney was present at the preliminary hearing and represented him; and that he

investigated and was fully familiar with all the evidence of the prosecution which was willingly furnished him by the county attorney's office. It is further established that he sought and obtained a court order to obtain an examination from a psychiatrist in Omaha, previously referred to in this opinion; and that he sought and obtained access to the police investigation.

The defendant contends that character witnesses should have been called to establish his good reputation in the training school. Character witnesses are very seldom called in criminal prosecutions of this nature involving an inmate of an institution. It is difficult to conceive, even if the record established that such witnesses could have been called, how such witnesses' testimony could have constituted an effective marshalling of character evidence. The witnesses would have been employed by the training school or confined therein for delinquent behavior, and the record establishes that although the defendant had only been in the institution for 89 days, he already had been involved in the one instance where he had a 50-year-old woman by the throat with one hand and was reaching for a closet door with the other!

We have examined the other contentions of the defendant in this respect and they are utterly without merit. We have examined the record in this case and can find no support for the allegation of ineffective and inadequate counsel. The evidence contains nothing that can be characterized as "grossly inept" or "shocking the conscience of the court." State v. Putnam, 182 Neb. 185, 183 N. W. 2d 456.

We have carefully examined the record and examined the contentions of the defendant. They are without merit. The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.