STATE OF NEBRASKA, APPELLEE, V. BENJAMIN K. CROWLEY,
APPELLANT.

117 N. W. 2d 488

Filed October 26, 1962. No. 35246.

L. W. "Jim" Weber and Philip H. Robinson, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SIMMONS, C. J.

This is an appeal from a judgment of the district court in a case where a jury was waived. The defendant was charged with the operation of a motor vehicle after sunset at a speed in violation of section 39-723, R. R. S. 1943. He was found guilty and appeals. We affirm the judgment of the trial court.

The statute provides: "No person shall operate a motor vehicle on any highway outside of a city or village * * * at a rate of speed exceeding * * * fifty-five miles per hour between the hours of sunset and sunrise, * * *."

We state the facts in the light of the established rule that the findings of the court in an action where a jury

is waived have the same weight as a verdict of a jury. See National Bank of Commerce v. Bossemeyer, 101 Neb. 96, 162 N. W. 503, L. R. A. 1917E 374.

It was stipulated that at the time involved, defendant was driving at a speed of 65 miles per hour. It was further stipulated that at the time and place involved, it was "approximately 15 minutes after scientifically computed and astronomically determined sunset time." There was a trial controversy over whether or not the defendant was driving with the use of headlights. Defendant contended that he was not using his lights. The State's witnesses testified that users of the highway were operating automobiles with headlights on. The trial court's judgment resolves that fact in favor of the State.

We find no contention that in fact the time involved was not after sunset. The defendant testified that the weather was clear, very few clouds, it was dry, and "I could see the horizon."

The defendant's next contention arises as the result of two facts. The one was that there was a sign posted along the highway that recited: "Speed Limit Day 65 Night 55 Radar control." The other is that the complaint had a caption: "For Speeding At Night." The charge was that the defendant operated his motor vehicle at a rate of speed exceeding 55 miles per hour "between the hours of sunset and sunrise."

Defendant then argues at length that night and sunset are not concurrent. That night follows sunset with a dusk period in between and that it was not yet night when he was arrested.

We need spend no time in discussing the highway sign. We find no evidence that the defendant ever saw it, knew about it, or relied upon it.

It is also perfectly patent that defendant was charged, in the language of the statute, for driving at a prohibited rate of speed after sunset. The charging part of the complaint controls. The rule is: "A mere misnomer

of an offense sought to be charged is not fatal to the validity of a criminal complaint or information." State v. Feist, —— N. D. ——, 93 N. W. 2d 646. See, also, 42 C. J. S., Indictments and Informations, § 111, p. 991; In re Application of Harrison, 55 Ariz. 347, 101 P. 2d 457; State v. Elkins, 216 Ore. 509, 339 P. 2d 715.

Defendant's contention is not sustained.

The next contention is that the complaint is not sufficient in that it does not specifically state the time or the place of the alleged offense.

He relies upon May v. State, 153 Neb. 369, 44 N. W. 2d 636, and other cases of like import. We there held: "An information must inform the accused with reasonable certainty of the charge against him that he may prepare his defense and be enabled to plead the judgment thereon as a bar to a later prosecution for the same offense. Article I, section 11, Constitution of Nebraska; Pauli v. State, 151 Neb. 385, 37 N. W. 2d 717. It must state expressly and directly each fact that is an essential element of the crime intended to be charged so that the accused will not be required to go beyond the information to learn the nature of the charge against him or the issue he must meet, and it cannot be aided by intendment, by anything stated therein by way of mere recital, or by inference or implication."

The complaint here is not deficient so as to bring it within the above holding.

The rule is: "Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute." Goff v. State, 89 Neb. 287, 131 N. W. 213.

We reaffirm that holding. The complaint states the date of the offense as on or about June 9, 1961; it charges an unlawful operation of a motor vehicle on a highway outside of a city or village at a rate of speed exceeding 55 miles per hour between the hours of sunset and sunrise, contrary to the statute; and it charges that offense occurred in Sarpy County, Nebraska.

The charging part of the complaint fully meets the test of the rule relied on by the defendant.

The judgment of the trial court is affirmed.

AFFIRMED.