STATE OF NEBRASKA, APPELLEE, V. FRANCIS BAYLESS, APPELLANT.

184 N. W. 2d 634

Filed March 12, 1971. No. 37687.

Paul E. Watts, Samuel A. Boyer, Jr., James A. Nanfito, and Michael N. Schirber, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Appellant was convicted of the crime of assault with

intent to inflict great bodily injury. Appellant argues two assignments of error: Insufficiency of evidence to sustain a conviction; and the overruling of his motion to exclude the use of the words "Hell's Angels" during the trial. We affirm.

On the evening of August 12, 1969, appellant, in company with nine others, entered the Silver Tap Bar in Omaha, pulled two tables together, and ordered beer. They were wearing grubby jeans, T-shirts, and sleeveless jackets with the words "Hell's Angels" on the back. One of the waitresses who served beer testified they were very loud, very profane, and, to use her words, "they were up running around on the stage, fooling with the instruments, with the drums, with the guitars, the amplifiers, the whole thing." Police were called, came in quietly, and tried to get the group to leave peaceably, but some of its members, particularly appellant, became very abusive, threatening, and extremely profane. When an officer sought to arrest the appellant he drew his hand back and came up with a shiny object identified by two of the officers as, a pointed beer can opener, and swung at the arresting officer. This officer struck him with his night stick and a general melee ensued.

While the appellant's testimony is at variance with that given by the State's witnesses, the determination of the fact issue is for the jury. We do not agree with the appellant that the evidence is weak, contradictory, and insufficient to sustain a verdict. We find it ample to support the conviction herein. Inasmuch as there was sufficient evidence to submit the case to the jury, the law is settled that on appeal we must take the view of the evidence most favorable to support the verdict.

In determining the sufficiency of evidence to sustain a conviction, it is not the province of this court to resolve conflicts in evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Cannon, 185 Neb. 149, 174 N. W. 2d 181.

In a criminal case this court will not interfere with a

verdict of guilty based upon the evidence unless it is so lacking in probative force that it can say as a matter of law that it is insufficient to support a verdict of guilty beyond a reasonable doubt. State v. Goodwin, 184 Neb. 537, 169 N. W. 2d 270.

Appellant strenuously urges the use of the words "Hell's Angels" was prejudicial to him. At the start of the trial the appellant filed a motion to prohibit the State from referring to appellant as a " 'Hell's Angel' or 'Member of the Hell's Angels Club, Gang or Organization,' or any derivative thereof or any reference thereto which would imply the defendant is or was associated in any way, manner or form with the above-named organization, unless defendant should place his own character in issue, for reason of prejudice." This motion in the context it was presented was properly overruled.

The first reference to the words "Hell's Angels" appears in the examination of a State's witness describing the appearance of the group: "Q. Now, how were these parties dressed when they came in? A. Grubby jeans and T-shirts and jackets and the whole bit. Q. What kind of jackets? A. Just kind of sleeveless things with 'Hell's Angels' on the back." This testimony came in without objection. In any event, the testimony was merely descriptive of the dress of the group and definitely within the limits of admissible evidence. An individual may dress as he pleases within the limits of discretion, but as a corollary of this right he must accept its consequences. On cross-examination of this witness by appellant's counsel, the following was adduced: "Q. Is this the first time that you saw anybody from the Hell's Angels in there? A. Yes, I think so." The appellant not only failed to object to the use of the words during the trial or to strike reference to them, but actually injected the term "Hell's Angels" into the trial in more emphatic context than its use to describe the dress of the group engaged in the disturbance. Ap-

pellant's counsel subsequently by his questions identified two of his three witnesses, including appellant, as members of the organization. The only references made by the State thereafter were fully within the scope of the cross-examination of these witnesses. Appellant, apparently relying on his motion before the trial, at no time during the trial objected to the testimony or moved to strike it. As we said in State v. Oliva, 183 Neb. 620, 163 N. W. 2d 112: "An objection to the admission of evidence cannot be considered by this court for some reason not properly and timely raised at the trial."

Appellant's motion was too broad, and was made before the trial at a time when there was no way of knowing in what connection the matter might be raised. After the reference by the State the appellant himself injected the issue of membership into the trial. There is no merit to appellant's assignments of error.

Judgment affirmed.

AFFIRMED.