LA VERN ZADINA, APPELLANT, V. C. L. WEEDLUN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, ET AL., APPELLEES.
190 N. W. 2d 857

Filed October 22, 1971. No. 37957.

Barney & Carter, Herbert M. Brugh, and David W. Stempson, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an appeal from an order of the district court affirming an order of the Director of Motor Vehicles suspending the motor vehicle operator's license of La Vern Zadina, appellant. The basis of the order was the refusal of appellant to take a body-fluid test subsequent to his arrest for operating a motor vehicle while under the influence of alcoholic liquor. We affirm the judgment of the district court.

Appellant raises two questions. He denies that he was ever requested to take the test. The evidence on this point was conflicting but was sufficient to sustain the finding of the district court. Where there is irreconcilable conflict in the evidence on a material issue, the reviewing court will, in determining the weight of the evidence of the witnesses, consider the fact that the trial court observed them and their manner of testifying and must have accepted one version of facts rather than the other. See Hooper v. City of Lincoln, 183 Neb. 591, 163 N. W. 2d 117.

Appellant also urges that the judgment must be reversed because the arresting officer failed to inform him that he could have a physician of his own choice evaluate his condition and perform additional tests. Section 39-727.04, R. R. S. 1943, provided: "The person tested shall be permitted to have a physician of his choice evaluate his condition and perform or have performed whatever laboratory tests he deems appropriate in addition to and following the test administered at the direction of the law enforcement officer. If the officer shall refuse to permit such additional test to be taken, then the original test shall not be competent as evidence." The statute confers a privilege upon the person to be tested but does not require the officer to inform him of the privilege. The failure of an officer to advise a motorist subjected to a breath or body-fluid test for intoxication that he could obtain an additional test following that administered at the direction of the officer does

not excuse the motorist's failure to submit to such test. See, Kesler v. Department of Motor Vehicles, 1 Cal. 3d 74, 81 Cal. Rptr. 348, 459 P. 2d 900, Cert. Den., 397 U. S. 989; Holland v. Parker, 84 S. D. 691, 176 N. W. 2d 54.

Appellant's contentions are without merit and the judgment of the district court is affirmed.

AFFIRMED.