STATE OF NEBRASKA, APPELLEE, v. HENRY RICKY BRIONEZ, APPELLANT.

197 N. W. 2d 639

Filed May 19, 1972. No. 38334.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Randall E. Sims, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and CHADDERDON and C. THOMAS WHITE, District Judges.

SMITH, J.

A jury found Henry Brionez guilty of statutory rape, and the court imposed a sentence of 5 years. Brionez appeals. He assigns for error insufficiency of the evidence.

A jury might properly find as follows. The victim, age 17 and a college student, visited Scottsbluff, intending to spend the night with Hopie, a girl friend. During her visit she met a close friend, Mike, and two of his companions, Raymond and Gabby, ages 17. At Mike's home the group played music, danced, and drank the contents of 23 cans of Budweiser beer which Mike's

mother had purchased. The victim, who had drunk beer only on two previous occasions, consumed the contents of 4 cans over a period of 3 hours. As the group prepared to depart, Brionez, age 19 and a stranger to the victim, entered in company with Mike's brother.

The group without Brionez departed in a four-door Ford Falcon automobile ostensibly to transport the victim to Hopie's home. The automobile proceeded to the sugar mill, where Brionez entered it, Brionez having traveled there in his own automobile. It then proceeded to a cornfield 1 ½ miles from Scottsbluff. En route Mike kissed and embraced the victim but went no farther. At the cornfield Mike requested sexual intercourse, but the victim, who was chaste, refused. Mike said, "It's either me or all of us." She was adamant. Mike continued, "All right, guys," and the other three crawled over the seat into the back seat. They pawed under her clothing. Mike reiterated his threat. The frightened victim was crying, screaming, and struggling. Mike said, "If you don't shut up, we're going to . . .," finishing the sentence with slang that the victim did not understand. Her inquiry brought this answer: "Well, if you don't be quiet, you're going to find out." Relying on Mike's promise to keep the others away, she submitted to him, helping slightly in her disrobement.

After sexual intercourse with Mike the victim was held down. Each of the others engaged in sexual intercourse with her. Brionez was the fourth one to do so. Some repeated the process under the same conditions. The victim was then transported to Hopie's home.

Damage to the clothing of the victim was negligible. A physician who examined her found redness and swelling of the labia and surrounding area of the vulva but no other evidence of physical harm.

The evidence is said to be insufficient in that the previous chastity of the victim was lost by the act of sexual intercourse with Mike. Previous chastity is an

essential element of statutory rape. See § 28-408, R. S. Supp., 1969. A woman who is chaste is one who has never had unlawful sexual intercourse with a male person. An act of sexual intercourse without her consent and against her will if she is capable of consent does not destroy her chastity. See, State v. Vicars, 186 Neb. 311, 183 N. W. 2d 241 (1971); Marchand v. State, 113 Neb. 87, 201 N. W. 890 (1925); 1 Anderson, Wharton's Criminal Law and Procedure, § 318, p. 659 (1957). The evidence of previous chastity in the present case was sufficient.

Other assignments of error relate to instructions and excessiveness of the sentence. On the latter assignment we have examined the presentence report. A summary of its contents would serve no useful purpose. The assignments of error are without merit.

The judgment is affirmed.

AFFIRMED.