STATE OF NEBRASKA, APPELLEE, v. MARY ROSE BROWN,
APPELLANT.

213 N. W. 2d 713

Filed January 4, 1974.  No. 39151.

Walter J. Matejka, for appellant.

Herbert M. Fitle, Gary P. Bucchino, and Richard J. Epstein, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals her conviction for violating ordinance No. 25.75.020 of the city of Omaha. We affirm.

Ordinance No. 25.75.020 is set out in plaintiff's brief as follows: "It shall be unlawful for any person purposely or knowingly to engage or agree to engage in an act of prostitution." Defendant argues only the sufficiency of the evidence and the vagueness of the ordinance.

The evidence adduced was sufficient to sustain a verdict of guilty. The arresting officer was the chief witness for the State. The issue is clearly one of credibility. While this is an ordinance violation tried without a jury, we apply the same rule for review on appeal as in jury waiver cases. The findings of a court in an ordinance violation have the same weight as a verdict of a jury. See State v. Crowley (1962), 174 Neb. 291, 117 N. W. 2d 488. The trial court had the witnesses before it and was in a better position to determine the sufficiency and the credibility of the evidence than we.

The ordinance defendant is attempting to attack in this court is not preserved in the record. We have set out the ordinance as it appears in defendant's brief. Ignoring the fact that the defense was not presented in the trial court

and is not properly raised, it is evident the act complained of is well within the terms of the ordinance as set out in defendant's brief.

The judgment is affirmed.

AFFIRMED.