CITY OF BEATRICE, NEBRASKA, APPELLEE, v. JAMES E. BLAKE, APPELLANT.

222 N. W. 2d 584

Filed October 24, 1974. No. 39464.

C. E. Danley, for appellant.

Stephen L. Von Reisen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted of violating ordinances of the city of Beatrice in that he left the scene of a vehicle accident without furnishing to persons whose property was damaged his name, address, and vehicle registration number, and was guilty of reckless driving. As his sole assignment of error, defendant challenges the sufficiency of the evidence.

The record reflects that during the early morning hours on October 26, 1973, two mailboxes were struck and damaged at the intersection of Shugart and Union Streets in Beatrice, Nebraska. The intersection is a T intersection. Shugart Street runs east and west and Union Street runs south from Shugart Street. The mailboxes were on the north side of Shugart Street at approximately the center of the T. Vehicle tracks were found the morning of the accident running east in the north ditch on Shugart Street 178 feet to the mailboxes, thence south across the street into the ditch at the southeast corner of the intersection, across Union Street into the west ditch, and south on Union Street. The same morning a police officer found and took a sample of blue paint from the mailboxes and a sample of blue paint from the left front fender of defendant's pickup. The fender and headlight on the left had been damaged. The paint samples appear to be identical. Defendant resided on Union Street about a block south from the intersection and when asked why he failed to report the accident he had the night before said "he had just run off in the ditch."

One of the mailbox owners had heard a loud running motor and a crash. He had seen a pickup going out of the east ditch, crossing the street into the west ditch, circling in his yard, reentering the street, and proceeding south. His mailbox had been previously undamaged.

The evidence, although circumstantial, is sufficient to sustain the trial judge's finding of guilt. "The findings of the court in an action where a jury is waived have

the same weight as a verdict of a jury." State v. Crowley, 174 Neb. 291, 117 N. W. 2d 488.

"In a criminal case this court will not interfere with a verdict of guilty based upon the evidence unless it is so lacking in probative force that it can say as a matter of law that it is insufficient to support a verdict of guilty beyond a reasonable doubt." State v. Bayless, 186 Neb. 530, 184 N. W. 2d 634.

The judgment of the District Court is affirmed.

AFFIRMED.