STATE OF NEBRASKA, APPELLEE, v. JOSEPH C. RICHARDS,
APPELLANT.

227 N. W. 2d 18

Filed March 20, 1975. No. 39730.

Mark V. Meierhenry, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted of statutory rape on Ruth Mesteth, a 15-year-old girl. On appeal defendant con-

tends that since Ruth had had intercourse with another man a few minutes before defendant had intercourse with her, she was unchaste; that material evidence was withheld from the defense; and that the evidence is insufficient to sustain the conviction. We affirm the judgment of the District Court.

Ruth Mesteth was picked up by the defendant and others in Pine Ridge, South Dakota, and driven to Rushville, Nebraska, where the parties stayed overnight at a hotel. During the night she had intercourse with one of the other men and thereafter with the defendant. The other man was previously convicted on an identical charge. The evidence was sufficient to enable a jury to properly find that the intercourse in each instance was without her consent and against her will.

"A woman who is chaste is one who has never had unlawful sexual intercourse with a male person. An act of sexual intercourse without her consent and against her will if she is capable of consent does not destroy her chastity." State v. Brionez, 188 Neb. 488, 197 N. W. 2d 639.

Defendant's first contention is without merit.

It is urged that the failure of the prosecution to reveal a previous statement given to an investigator for the Nebraska State Patrol by Ruth Mesteth was prejudicial. The statement contained some items pertaining to two attempts at escape and other items that were not mentioned at the trial but which did not deal with the material elements of the offense. The omissions and slight discrepancies from or with her testimony constituting variations from the statement given were not sufficiently serious to have sustained a challenge to her testimony or veracity. At best it could only have served to impeach Ruth Mesteth on matters not dealing with any essential element of the offense. The fact that the statement had been given was the basis upon which the affidavit for a warrant was made. The affidavit is a part of the record and doubtless served to apprise both the

defendant and his attorney of the existence of the report, yet no request was ever made for its production. Under the circumstances there was no suppression or hiding of evidence.

In Giglio v. United States, 405 U. S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104, it is stated: "We do not, however, automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict * * *.' * * * A finding of materiality of the evidence is required * * *."

In Evans v. Janing, 489 F. 2d 470 (8th Cir., 1973), it was ruled: "While substantial, the prosecutor's duty of candor i.e., to disclose material evidence favorable to accused, is not all-encompassing; it neither requires full disclosure as in civil cases nor permits a combing of the prosecutor's files in search of evidence possibly useful to the accused. U.S.C.A. Const. Amend. 14. * * *

"Prosecution's suppression, by knowing nondisclosure, of police sergeant's report stating that, although defendant's picture appeared twice in display of four color photographs, one of the eyewitnesses did not point out defendant but that witness did pick defendant's picture from black and white photographic display did not violate due process since there was no significant chance that report, which could have been used solely to impeach testimony of such eyewitness, would induce a reasonable doubt in the jurors' minds or was of such inherent significance as to represent fundamental unfairness, in view of positive in-court identification of defendant by second eyewitness, who had not been shown photographs. U.S.C.A. Const. Amend. 14."

In United States v. Akin, 464 F. 2d 7 (8th Cir., 1972), cert. den. 409 U. S. 981, it was held: "Evidence of favorable comment from a salesman employed by defendants and from three satisfied customers of defendants was not beyond the easy reach of defendants so that defendants, convicted of mail frauds, could not claim that

prosecution, which allegedly interviewed salesman and the customers but which at pretrial represented that it had no exculpatory evidence in its possession, had suppressed such evidence."

In this case the defendant having access to the court files and the affidavit for warrant based on the statement in question cannot logically claim it was suppressed. Neither can he reasonably contend that it was sufficiently material to have given him a "significant chance" to create a reasonable doubt in the jurors' minds.

Defendant asserts the evidence is insufficient to sustain the conviction. The defendant failed to introduce any evidence contradicting that of the State. A perusal of the record indicates the State submitted evidence which was sufficient to support the verdict. "In a criminal case this court will not interfere with a verdict of guilty based upon the evidence unless it is so lacking in probative force that it can say as a matter of law that it is insufficient to support a verdict of guilty beyond a reasonable doubt." State v. Bayless, 186 Neb. 530, 184 N. W. 2d 634, cert. den. 404 U. S. 844.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.