STATE OF NEBRASKA, APPELLEE, v. GEORGE EYNON, APPELLANT.

250 N. W. 2d 658

Filed February 23, 1977. No. 40867.

Kirby, Duggan & McConnell, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Defendant Eynon was found guilty by a jury of a charge of burglary with intent to commit rape as defined by section 28-532, R. R. S. 1943, and was sentenced to a term of 18 months to 3 years in the Nebraska Penal and Correctional Complex. On appeal to this court he makes the following assignments of error: (1) The trial court erred in refusing to dismiss the complaint for the reason that no warrant had been issued for the arrest of the defendant before trial. (2) The trial court failed to hold a pretrial hearing in accordance with the provisions of section 28-408.05, R. R. S. 1943, for the purpose of determining relevance of the victim's or the defendant's past sexual conduct. (3) The evidence was insufficient to sustain the conviction because there was no evidence of assault to commit rape and because the testimony of the prosecutrix was insufficiently corroborated. (4) The court erred in denying the motion of the defendant to exclude the prosecutrix from the courtroom during the testimony of other witnesses, including the testimony of the defendant. (5) The court

erred in permitting the county attorney to rebut evidence of the defendant's reputation for nonviolence by allowing, during cross-examination of the character witness, inquiry as to his knowledge of the defendant's previous convictions of crimes of violence. (6) The information fails to state a crime because the new statutes defining sexual assault have repealed the statute defining rape and the failure of the Legislature to amend section 28-532, R. R. S. 1943, to substitute sexual assault for rape in that statute has the result of repealing the crime of burglary with intent to rape. We affirm.

Defendant's first assignment is founded upon the provisions of section 29-110, R. R. S. 1943, which states that no person shall be prosecuted for rape unless a complaint is filed within 3 years after the offense "and a warrant for the arrest of the defendant shall have been issued." This contention is wholly frivolous. First of all, the defendant was not being prosecuted for the crime of rape. Secondly, section 29-110, R. R. S. 1943, is a statute of limitations which, among other things, defines what tolls the statute, to wit, filing of a complaint and issuance of a warrant. There is no limitation question in this case. The issuance of a warrant is not, as defendant seems to contend, a condition precedent to the court's jurisdiction of the prosecution.

The defendant's second assignment rests upon the provisions of section 28-408.05, R. R. S. 1943, which provides for an in camera hearing "in a prosecution in a case of sexual assault" to determine the relevance of either the defendant's or the victim's past sexual conduct. That statute is inapplicable because his was not a prosecution for sexual assault, nor a prosecution "under sections 28-401, 28-408.01 to 28-408.05, 28-409, and 28-929" referred to in subsection (3) of section 28-408.05, R. R. S. 1943, prohibiting introduction of evidence of "Specific instances of prior sexual activity between the victim and any person other than the de-

fendant . . . unless consent by the victim is at issue."

During the trial the court received evidence of a previous incident in which the defendant entered the residence of the victim of the current crime and allegedly committed a rape upon her. The evidence was admissible for the purpose of showing the intent with which the breaking and entering was done in the present instance. Evidence of other crimes is admissible where relevant and competent as proof of intent. State v. Ray, 191 Neb. 702, 217 N. W. 2d 176. Previous to the admission of such testimony the prosecutrix in this case testified that in the instant case the defendant said, making apparent reference to the earlier incident, he was going to let her have it again.

We now turn to the claim that evidence of an assault is necessary. An assault with intent to commit rape is not an essential element of the crime of burglary with intent to commit rape. The crime of burglary with intent to commit rape is complete when the entry is made with the necessary intent. 12 C. J. S., Burglary, § 2 b, c, p. 668. We note in passing that in this case the evidence of the necessary intent was supported not only by the defendant's statement previously mentioned and the prior assault, but also by evidence of an actual assault in this case. The record is undisputed that defendant made a forced entry into the victim's home through a window.

The record shows that after the defendant left, the victim made an immediate complaint to the police. We add here that the statement just made is not to be taken to imply that the crime of burglary with intent to commit rape need necessarily be corroborated. We do not reach that question in this case.

The evidence is clearly sufficient to support the verdict. "In a criminal case this court will not interfere on appeal with a verdict of guilty based upon the evidence unless it is so lacking in probative force that it can say as a matter of law that it is insufficient to

support a verdict of guilty beyond a reasonable doubt." State v. Richards, 193 Neb. 345, 227 N. W. 2d 18.

The defendant next contends that the court erred in not excluding the victim from the courtroom during the defendant's testimony and that of other witnesses. Section 27-615, R. R. S. 1943, requires exclusion of witnesses, but contains three exceptions, one of which is "(3) a person whose presence is shown by a party to be essential to the presentation of his cause." The record establishes that in this case the victim comes within the exception.

The defendant called a witness who testified that the defendant did not have a reputation as a violent man. On cross-examination the county attorney asked the witness if he had knowledge of the defendant's convictions on certain dates for assault and battery and malicious destruction of property. No objection was made to these questions, but even had objection been made, such objection would have been properly overruled. Section 27-405, R. R. S. 1943, provides in part: "(1) In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." See, also, State v. Newte, 188 Neb. 412, 197 N. W. 2d 403.

The defendant next argues that repeal of the rape statute in effect repeals the crime of burglary with intent to commit rape. Although the crime of rape no longer exists, eo nomine, rape in its former statutory and common law definition is still one of the offenses included in first degree sexual assault. § 28-408.03, R. R. S. 1943. There are two answers to the defendant's contention. First, section 28-532, R. R. S. 1943, by its express terms includes not only burglary with intent to commit rape, but also burglary with intent to "commit any felony." It is obvious there is no implied repeal of

section 28-532, R. R. S. 1943, even in part. Secondly, even though rape as such no longer exists, section 28-532, R. R. S. 1943, still refers to it as a crime. While there are in this state no common law crimes, the definition of an act forbidden by statute, but not defined by it, may be ascertained by reference to the common law. State v. De Wolfe, 67 Neb. 321, 93 N. W. 746; State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454. Section 28-532, R. R. S. 1943, makes it a crime to commit burglary with intent to rape. The definition of rape may be determined by reference to the common law.

AFFIRMED.