STATE OF NEBRASKA, APPELLEE, V. RAYMOND
V. WAHRMAN, APPELLANT.

258 N. W. 2d 818

Filed October 26, 1977. No. 41257.

Owens & Owens, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Defendant was charged in the county court of Red Willow County with having, on March 10, 1976, operated a motor vehicle on a public highway while having more than .10 of 1 percent by weight of alcohol in his body fluid in violation of the provisions of section 39-669.07, R. R. S. 1943. Trial was held before the county judge, a jury having been waived. Defendant was found guilty by the judge and sentenced to a term of probation and fined $100. He then appealed to the District Court where, on the record of the tes-

timony in the court below, the judgment was affirmed. § 29-613, R. R. S. 1943; State v. Clark, 194 Neb. 487, 233 N. W. 2d 898.

Having perfected his appeal to this court, defendant makes the following assignments of error: (1) The court erred in admitting and considering, under the provisions of section 39-669.09, R. R. S. 1943, the results of a body fluid test which showed alcoholic content of .29 of 1 percent of alcohol, for the reason that the defendant was denied the right to have a physician evaluate his condition and perform whatever laboratory tests the physician deemed appropriate, all in violation of the provisions of section 39-669.09, R. R. S. 1943. (2) The court erred in admitting and considering the results of the body fluid test because the State failed to prove that a choice of tests was accorded defendant as provided in section 39-669.08, R. R. S. 1943. (3) The evidence was insufficient to sustain the charge because the testing officer did not deny the testimony of the defendant requesting a physician, but merely stated he did not recall such demand.

Section 39-669.09, R. R. S. 1943, among other things, provides: "The person tested shall be permitted to have a physician of his choice evaluate his condition and perform or have performed whatever laboratory tests he deems appropriate in addition to and following the test administered at the direction of the law enforcement officer. If the officer shall refuse to permit such additional test to be taken, then the original test shall not be competent as evidence." If the defendant was refused the presence of a physician after the test, either to evaluate his condition or to perform further tests, then the results of the test performed by the State were clearly inadmissible.

If an examination of the record disclosed that such refusal was made by the arresting officer, the test results would be inadmissible and the conviction

would have to be set aside. However, an examination of the record discloses that whether such was the case is a disputed question of fact. The defendant and another jail inmate testified that the officer denied defendant's request for a physician. An examination of the police officer's testimony on that point, given only on cross-examination in response to leading questions, discloses that, while as part of his testimony he stated he recalled no such request, he also testified that no such request was made and if it had been made he would have honored the request. The nature of the testimony was such that it was for the county judge in the first instance to determine the purport of the testimony, i.e., whether it was a denial that a request was made or a failure to recall whether the request was made. If the latter, of course, then the evidence would be insufficient to contradict defendant's evidence and would be insufficient to present a fact question. The District Court on review interpreted the officer's testimony as a denial of defendant's testimony. Our examination of that testimony does not lead us to conclude that that construction is clearly incorrect. The defendant's first assignment of error is not well taken.

On the second assignment defendant argues that he was not offered a choice as to whether the sample to be given would be of his urine or his blood.

Section 39-669.09, R. R. S. 1943, provides that the officer may direct whether the test be of blood, breath, or urine and then goes on to state: "Provided, that when the officer directs that the test shall be of a person's blood or urine, such person may choose whether the test shall be of his blood or urine."

The record discloses that the defendant voluntarily gave the urine sample. It does not show that he made any request that a blood sample be given instead. The statute does not by its terms require that the arrested person be informed of his choices. In

this respect it is the same as his right to an additional test by a physician of his own choice, where we have held that the officer is not required to notify the arrested party of his right. Zadina v. Weedlun, 187 Neb. 361, 190 N. W. 2d 857. The evidence clearly shows that the defendant was not denied a choice. In addition, the record discloses that this issue was never raised by objection in the trial court. An alleged error in the reception of evidence must ordinarily be preserved by proper objection below. State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421. If that is not done, the issue may not be raised in this court. State v. Bayless, 186 Neb. 530, 184 N. W. 2d 634.

Since the results of the chemical test were admissible, the evidence is sufficient to support the conviction.

The defendant has made other assignments of error, but has not argued them in his brief. We have nonetheless examined them and found they are unmeritorious.

AFFIRMED.

WHITE, C. THOMAS, J., dissenting.

At the time of an arrest for driving while intoxicated, the defendant is required to submit to the taking of body fluids or a breath sample, under pain of loss of his operator's license for refusal to do so. § 39-669.08, R. R. S. 1943.

The defendant is usually requested to perform physical acts, and his reactions are testified to, generally by an officer, who has already made the determination of probable cause. The tests are used to reinforce that determination. The defendant is not entitled to the Miranda warnings during this procedure. Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966).

In an attempt to place a disinterested person within the police station scenario, the Legislature in passing section 39-669.08, R. R. S. 1943, allowed the defendant to have a physician present to "evaluate his

condition and perform or have performed whatever laboratory tests he deems appropriate."

Doubtless operating under the fiction that "everyone may be presumed to know the law," we have inappropriately held that the defendant need not be informed of that right. Zadina v. Weedlun, 187 Neb. 361, 190 N. W. 2d 857. The majority further restricts section 39-669.09 by this decision. We now hold, in the face of an assertion that a request was made and refused, that the evasive response, "I don't recall," or "Yes, I would have informed him," creates a factual question as to whether the request was made and refused.

The least protection this section ought to provide, it seems to me, is the requirement that the State meet a positive assertion of request and denial, with an equally positive assertion that the request was not made. Anything less, and an already crippled statute will be rendered useless.

McCown, J., joins in this dissent.