REQUESTED BY: Senator Chris Beutler Member of the Legislature 804 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have requested the opinion of this office regarding Section 3(2) of LB 126, which, as you indicated, would allow photographs to be accepted as prima facie evidence of the identity of allegedly stolen property in a prosecution for theft by shoplifting. Pursuant to the provisions of the bill, the photograph must be accompanied by a written statement containing several enumerated items including a description of the property. The stated purpose of this section of the bill is to allow the owner of shoplifted property the use of such property pending criminal prosecutions.
Specifically, you have inquired regarding `. . . whether it is constitutional to release allegedly stolen property out of police custody before the defense has an opportunity to even inspect it.' You further indicated that the scope of your inquiry is based on the assumption that the evidence released is relevant to the defense.
In Brady v. Maryland, 373 U.S. 83 (1973), the Supreme Court held, based on the Due Process Clause of the Fourteenth Amendment, that a state is required upon request to provide the defendant any material evidence favorable to the defendant's position which is in the state's possession. The defendant must show that the suppressed evidence is favorable and the mere possibility that an item of undisclosed information might have helped the defense does not establish materiality in the constitutional sense. United States v.Agurs, 427 U.S. 97 (1976). Constitutional error is committed by nondisclosure only if the evidence creates a reasonable doubt which did not otherwise exist. United States v.Agurs, supra at 112; State v. Richards, 193 Neb. 345,227 N.W.2d 18 (1975).
Based on the above cited authorities, there is a line of cases which involve alleged due process deprivations based on the state's failure to disclose, upon request, items which have been destroyed or lost. State v. Booth,98 Wis.2d 20, 295 N.W.2d 194 (1980); State v. Helmer,278 N.W.2d 808 (S.D. 1979); State v. Brim, 298 N.W.2d 73 (S.D. 1980); United States v. Shafer, 445 F.2d 519 (7th Cir. 1971). The standard of materiality regarding the nondisclosed item which the defendant must meet in order to establish a constitutional deprivation in this context varies depending on the jurisdiction. In State v. Booth, the court indicated that: `The rule applicable to evidence destruction cases is that a defendant need only show the disposed of evidence was clearly material to the issue of guilt or innocence.' 295 N.W.2d at 197. Other cases have required a showing that the defendant was in fact prejudiced by the nondisclosure of destroyed evidence. State v. Brim,supra at 79; United States v. Shafer, supra. We are aware of no cases in this jurisdiction which articulate a standard for situations involving destruction or unavailability of evidence.
While the standard of review is less than clear, the above cases indicate that upon some level of showing of inability to prepare or present a defense due to loss or destruction of an item formerly in the state's possession, an accused may be able to establish an abridgment of his constitutional right to due process of law guaranteed by the Fourteenth Amendment.
To the extent the provisions of LB 126 allow the return of stolen property to the owner, potentially without prior examination of the item by the defendant and his counsel, there may be an opportunity for due process questions to arise. Obviously, whether a due process issue arises would necessarily depend on the particular facts of each individual case. The bill provides some safeguards to the potential impact of the removal of property such as photographs and descriptive statements. United States v. Shafer,supra. Further, as the photograph procedure is discretionary under LB 126, the prosecutor would be in a position to evaluate whether unavailability and nondisclosure of the allegedly stolen property might be prejudicial to the defendant, hence potentially resulting in either an inability to obtain a conviction or reversal of a conviction. Such prosecutorial discretion may well decrease the likelihood of release of property in those factual situations where the potential for prejudice to the accused may be real.
In our opinion, it is possible to conceive of a factual situation in which application of the provisions of the bill at issue may result in an abridgment of the constitutional guarantee of due process. It is not our opinion, nor do we imply, that the bill may be judicially determined unconstitutional on its face. It is simply our opinion that hypothetically a factual situation may arise where removal of the allegedly stolen property from police custody and nondisclosure of the item to the defendant could result in a due process deprivation.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Lynne Fritz Assistant Attorney General