STATE OF NEBRASKA, APPELLEE, V.
JOHN R. MORSE, APPELLANT.

318 N.W.2d 893

Filed April 30, 1982. No. 81-574.

Paul M. Conley, for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

The appellant, John R. Morse, was charged with driving while under the influence of alcohol - second offense, refusal to submit to a pretest, and refusal to submit to a chemical test. He was convicted of all three charges in the municipal court of the city of Lincoln and subsequently appealed to the District Court for Lancaster County, which affirmed all three convictions. The appellant brings the case to this court, appealing the convictions of the first and third charges respectively.

In the early morning hours of October 22, 1980, the appellant was stopped while operating his motor vehicle in Lincoln, Nebraska, by an officer of the Lincoln Police Department. The officer requested the appellant to submit to a pretest for the possible consumption of alcohol. When the appellant refused to give a breath sample for the pretest, the officer arrested him for refusal to submit to a pretest and suspicion of driving while intoxicated.

The officer transported the appellant to the police station and attempted to administer a breath test on a machine called an Intoxilizer which would indicate the appellant's breath alcohol level. After being instructed on how to activate the Intoxilizer, the appellant blew into the machine, but did not activate it in such a manner so as to obtain a measure of the alcohol in his breath. The officer instructed the appellant in regards to providing an adequate breath sample. Yet after five requests and five attempts, the

appellant did not provide a breath sample adequate to obtain a reading. The appellant makes two assignments of error, and additional facts will be discussed where necessary in relation to those assignments.

The appellant first urges the State produced evidence insufficient to find him guilty of driving while under the influence of alcohol. "In determining the sufficiency of evidence necessary to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it." *State v. Weible, ante* p. 174, 182, 317 N.W.2d 920, 924 (1982). We have reviewed the record, which reveals the arresting officer testified the appellant's vehicle was traveling 40 to 45 miles per hour in a 25-mile-per-hour zone on N Street and 35 miles per hour in a 25-mile-per-hour zone on 9th Street. He further testified the appellant's vehicle at one point straddled the centerline for about a quarter of a block. When the police officer stopped the appellant, he observed the appellant's breath smelled of alcohol, his eyes were bloodshot and watery, and his stance was unsteady. The officer also noted the appellant had some difficulty walking in a straight line, and his speech was slurred. In the officer's opinion the appellant was under the influence of an alcoholic beverage the morning on which he was arrested. As such, sufficient evidence exists to uphold the appellant's conviction, and the first assignment of error is unpersuasive.

Under appellant's second assignment of error, he claims he did not "refuse" to submit to a chemical test, as prohibited by Neb. Rev. Stat. § 39-669.08(4) (Reissue 1978), because he was unable to give an

adequate breath test. According to the appellant's testimony, his inability to activate the Intoxilizer stemmed from a stuffed up nasal passage caused by a cleaning solution he uses as a contract painter and dry-waller. He further claims that when he was unable to give the breath test, he requested a blood test be administered. Neb. Rev. Stat. § 39-669.09 (Reissue 1978) reads in part: "The law enforcement officer who requires a chemical blood, breath, or urine test pursuant to section 39-669.08 may direct whether the test shall be of blood, breath, or urine; *Provided,* that when the officer directs that the test shall be of a person's blood or urine, such person may choose whether the test shall be of his blood or urine." Under the language of the statute, the intent as to one's right to request a particular type of test is clear. That right only arises when the officer has directed either a blood or urine sample. The appellant cites the case of *State v. Wahrman,* 199 Neb. 337, 258 N.W.2d 818 (1977), for the proposition that one has a right to choose the type of test administered. That case, however, addressed one's province to choose between blood or urine tests when one of those tests is directed, as is provided for in the statute. *Wahrman* did not hold that a general right to choose exists beyond the grant of the statute. It is arguable that a true physical disability to take a breath test without an opportunity to submit to another form of test would be due process violation. We need not reach that question in this case, however. Whether or not the appellant was truly physically unable to activate the Intoxilizer was a question of fact to be resolved by the trial court. The record reveals the arresting officer at no time prior to the actual administration of the breath test observed any difficulty in the breathing of the defendant. He also testified that the Intoxilizer was not very difficult to activate. When evidence such as this exists in the record, it is not within the province of this court to

overrule the factual finding of the trial court in relation to the appellant's breathing ability. *State v. Weible, supra.* As such, the appellant's second assignment of error is unpersuasive. His convictions of driving while under the influence of alcohol and refusal to submit to a chemical test are affirmed.

AFFIRMED.