DONALD J. BAUER, APPELLANT, V. HARRY "PETE"
PETERSON, DIRECTOR OF THE DEPARTMENT OF MOTOR
VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.
322 N.W.2d 389

Filed July 16, 1982.  No. 44315.

Arlen D. Magnuson, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This appeal originates from the dismissal by the District Court of Nebraska, Fifteenth Judicial District, in and for Holt County, of plaintiff-appellant's petition which sought reversal of an order by the Nebraska Department of Motor Vehicles revoking appellant's privilege to drive.  We affirm.

Appellant, Donald J. Bauer, has assigned 15 pur-

ported errors, but has failed to discuss any in his argument other than a challenge to the sufficiency of the evidence to support the revocation. Therefore, pursuant to Rule 8.a.2.(3) of this court, we consider only that assignment. *State v. Beckner,* 211 Neb. 442, 318 N.W.2d 889 (1982).

On appeal from the revocation of a motor vehicle operator's license under our implied consent statute, this court reviews the findings of the trial court de novo. In such a proceeding, the burden of proof is on the licensee to establish by a preponderance of the evidence the grounds for reversal. *Hehn v. State,* 206 Neb. 34, 290 N.W.2d 813 (1980); *Wohlgemuth v. Pearson,* 204 Neb. 687, 285 N.W.2d 102 (1979).

Neb. Rev. Stat. § 39-669.08 (Reissue 1978) provides in pertinent part as follows: "(1) Any person who operates or has in his actual physical control a motor vehicle upon a public highway in this state shall be deemed to have given his consent to submit to a chemical test of his blood, urine, or breath, for the purpose of determining the amount of alcoholic content in his body fluid."

Neb. Rev. Stat. § 39-669.09 (Reissue 1978) provides in pertinent part: "The law enforcement officer who requires a chemical blood, breath, or urine test pursuant to section 39-669.08 may direct whether the test shall be of blood, breath, or urine; *Provided,* that when the officer directs that the test shall be of a person's blood or urine, such person may choose whether the test shall be of his blood or urine."

Neb. Rev. Stat. § 39-669.15 (Reissue 1978) provides in pertinent part: "If a person arrested pursuant to section 39-669.08 refuses to submit to the chemical test of blood, breath, or urine required by that section, the test shall not be given and the arresting officer shall make a sworn report to the Director of Motor Vehicles."

Neb. Rev. Stat. § 39-669.16 (Reissue 1978) provides in pertinent part: "Upon receipt of the officer's re-

port of such refusal, the Director of Motor Vehicles shall notify such person of a date for hearing before him as to the reasonableness of the refusal to submit to the test. . . . After granting the person an opportunity to be heard on such issue, if it is not shown to the director that such refusal to submit to such chemical test was reasonable, the director shall summarily revoke the motor vehicle operator's license or nonresident operating privilege of such person for a period of six months from the date of such order.''

The record reveals that appellant was stopped by Nebraska State Patrol Officer Norbert Liebig for speeding and received an appropriate citation therefor. Evidence was also adduced regarding the weaving of appellant's vehicle across the centerline, the presence of alcohol on appellant's breath, and the slurred speech of appellant. Appellant was given a preliminary breath test at the scene, which he failed. He was then arrested. Following the refusal of appellant to give either a blood or urine sample, the Department of Motor Vehicles, in due course, issued an order revoking appellant's driving privileges.

In his argument appellant stresses two points: that he was denied the choice between a blood and urine test and that he did offer to provide a urine test. The record reveals that he was afforded the opportunity to choose between a blood or urine test. The testimony of the arresting officer consistently is to the effect that he gave appellant such a choice. Further, the postarrest advisement form, which appellant read himself and had read verbatim to him by the arresting officer, recites that when a test of the blood or urine is required, the licensee may choose which of the two it shall be. It is true that when the form was first presented to appellant at the scene of the arrest, it only contained the word ''blood'' in the space provided for the type of test re-

quired; however, the officer testified that each time he requested a test he gave appellant a choice of blood or urine. Although appellant testified he did not see the word "urine" on the form until the hearing before the Department of Motor Vehicles, the officer testified he wrote it in the form at the sheriff's office. With respect to appellant's claimed offer to give a urine sample, the officer testified that the offer was made only if appellant would not have to go to jail. Upon being informed he would have to spend time in jail, appellant said: "In that case, forget it." A refusal to submit to a test for purposes of the implied consent law occurs when the licensee, upon being asked to take the test, conducts himself in a way which would justify a reasonable person in the officer's position in believing that the licensee understood that he had been asked to take a test and that he had manifested an unwillingness to take it. *Wohlgemuth v. Pearson,* 204 Neb. 687, 285 N.W.2d 102 (1979); *Winter v. Peterson,* 208 Neb. 785, 305 N.W.2d 803 (1981).

Although we review this case de novo, where there is a conflict in the evidence, great weight is given the fact that the trial court had the opportunity to see, hear, and observe the witnesses and the presentation of evidence firsthand in deciding which body of evidence deserved the greater credibility. *Zadina v. Weedlun,* 187 Neb. 361, 190 N.W.2d 857 (1971).

We find appellant was properly informed of his choice between a blood and urine test, that he only conditionally offered to provide a urine test, and that he therefore refused to take the test as required by statute. The subsequent order of the department revoking licensee's privilege to drive was therefore proper.

The action of the District Court was correct and is affirmed.

AFFIRMED.