STATE OF NEBRASKA, APPELLEE, V. MICHAEL G. THOMAS, APPELLANT.

393 N.W.2d 711

Filed September 26, 1986.    No. 85-858.

John S. Mingus of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Defendant has appealed a judgment of guilty of driving a motor vehicle while intoxicated entered by the county court for

Buffalo County following a trial to the court. This judgment was affirmed by the district court, and this appeal followed.

The defendant was arrested and charged on September 12, 1984, by a uniform citation and complaint, with driving a motor vehicle while intoxicated. The complaint was filed in the county court. It recites that such action was a violation of both Neb. Rev. Stat. § 39-669.07 (Reissue 1984) and Kearney Mun. Code §§ 22-2 and 22-108.

During the arraignment in county court, while the court was explaining to the defendant his various rights, the following exchange occurred:

THE COURT [addressing the defendant]: You do have a right to a jury trial - - -

MR. MEFFERD: No, Your Honor.

THE COURT: Not under a city case. Excuse me. You have a right to a trial to the court.

No objection was raised by the defendant or his counsel, and no demand for a jury trial was made. Following arraignment, the case immediately proceeded to trial.

Errors assigned are that the trial court failed to advise the defendant of his right to trial by jury; Neb. Rev. Stat. §§ 24-536 (Reissue 1979) and 39-669.07 are unconstitutional; and results of the breath test should not have been received in evidence because the defendant was not advised that he had a right to an alternative test of his blood or urine. Defendant also questions the sufficiency of the evidence to support a conviction, but he did not argue that in his brief and it will not be considered at this time. *Bauer v. Peterson*, 212 Neb. 174, 322 N.W.2d 389 (1982).

We dispose of the claim of unconstitutionality of the statutes by stating that in order for that question to be considered by this court, that issue must have been raised properly in the trial court, which it was not. *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982).

Defendant misconstrues Neb. Rev. Stat. § 39-669.09 (Reissue 1984), which gives a motor vehicle operator an option of choosing a blood or urine test under certain circumstances. In this case the arresting officer directed the defendant to take a breath test. The right of an arrested driver to request a specific kind of test arises only when the officer has directed either a

blood or urine sample. *State v. Morse*, 211 Neb. 448, 318 N.W.2d 893 (1982).

There is no merit to either of those two assignments of error.

Section 24-536 provides in part as follows: "Either party to any case in county . . . court, *except criminal cases arising under city or village ordinances*, traffic infractions . . . may demand a trial by jury." (Emphasis supplied.) Although the nature of the case may have been equivocal as reflected by the wording of the complaint, it is abundantly clear that the court directed that the case be tried under the city ordinances, to which no objection was voiced by either the prosecution or the defendant. By that action an effective election was made by the defendant, and he cannot now be heard to complain about that choice. Because the statute fails to grant the right of a jury trial under these circumstances, we need not consider the reasoning of the district court in affirming this action because of a failure of the defendant to demand a jury trial.

The judgment is affirmed.

AFFIRMED.