which states that an investigator smelled burnt marijuana emanating from a home at 10:15 p.m. states facts sufficient to justify a nighttime search. We believe that it does.

IN RE INTEREST OF C.R.S., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. T.S., APPELLANT.

405 N.W.2d 611

Filed May 15, 1987.   No. 86-820.

Walter R. Metz, Jr., of Metz & Metz, for appellant.

Leo P. Dobrovolny, Jr., Deputy Box Butte County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Box Butte County. T.S. appeals from the district court's affirmation of the county court's decision to assume jurisdiction of her minor son pursuant to Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 1986).

The appellant assigns as error that the district court incorrectly affirmed the county court's adjudication that the child was one defined by the provisions of § 43-247(3)(a), that the district court erred in failing to require the county court to support its findings by clear and convincing evidence, and that the district court erred in failing to find that a finding of dependency and neglect pursuant to § 43-247(3)(a) and Neb. Rev. Stat. § 43-279.01(3) (Cum. Supp. 1986) by a preponderance of the evidence was unconstitutional. Finally, the appellant assigns as error that the district court erred in failing to find that the county court's adjudication was unsupported by a preponderance of the evidence, by clear and convincing evidence, or by any competent evidence. We affirm.

Addressing the appellant's challenge to the constitutionality of §§ 43-247(3)(a) and 43-279.01(3), which permit a finding of dependency and neglect by a preponderance of the evidence as opposed to a higher standard of clear and convincing evidence, we only note that the appellant failed to challenge the constitutionality of these statutes in the lower court proceedings and, hence, cannot do so for the first time on appeal to this court. *State v. Thomas*, 223 Neb. 759, 393 N.W.2d 711 (1986). As each of the appellant's remaining assignments of error deals with the sufficiency of the evidence presented to the county court upon which its finding of dependency and neglect was based, we will address those remaining assignments of error together.

Section 43-247 provides:

> The juvenile court in each county as herein provided shall have jurisdiction of:
>
> . . . .
>
> (3) Any juvenile (a) who is homeless or destitute, or without proper support through no fault of his or her parent, guardian, or custodian; who is abandoned by his or her parent, guardian, or custodian; who lacks proper

parental care by reason of the fault or habits of his or her parent, guardian, or custodian; whose parent, guardian, or custodian neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such juvenile; whose parent, guardian, or custodian neglects or refuses to provide special care made necessary by the mental condition of the juvenile; or who is in a situation or engages in an occupation dangerous to life or limb or injurious to the health or morals of such juvenile . . . .

The evidence presented to the county court is as follows. The testimony of the Nebraska social services nurse revealed that the child, 2 years of age at the time, was sleeping alone in the room the appellant shared with her son. The bed upon which the child was sleeping was located close to an open and unguarded window looking out over a second story elevation. Clothing was strewn about the room, and stale food was left on top of a dresser and a table in the room. There was also an open bottle of Bufferin on top of the table. On a chair near the bed was a running fan through which, the nurse testified, the boy could have easily inserted his fingers. As to the physical condition of the boy, the nurse testified that the child was weak, pale, and thin. She stated that his eyes were sunken and his ribs were prominent. The nurse testified that while they were removing the child from the room, the appellant returned and stated that she had instructed a neighbor to listen for the child to awaken. The evidence shows that the appellant had left the child alone for approximately 45 minutes to 1 hour.

The notes of the home health nurses kept since the child's birth illustrate a history of poor parenting skills on behalf of the appellant. The notes and records of the Nebraska Department of Social Services also reveal that the child has developed at a rate which has been consistently slow, both physically and mentally. The nurses' notes reveal that the appellant has consistently been unable to provide a safe and secure environment for her son. We do not agree with the contention of the appellant that this was an isolated incident.

Appellant argues that under any standard of proof, clear and convincing evidence, a preponderance of the evidence, or any

competent evidence, the State has not shown that the child comes under the jurisdiction of the court pursuant to § 43-247(3)(a). Under the statutes and case law of this State, § 43-247(3)(a) cases will be judged by a preponderance of evidence standard. § 43-279.01(3); *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986).

In reviewing the evidence de novo as we are required to do, see, *In re Interest of W.C.O.*, 220 Neb. 417, 370 N.W.2d 151 (1985), and *In re Interest of V.T. and L.T.*, 220 Neb. 256, 369 N.W.2d 94 (1985), we hold that the district court correctly affirmed the county court's finding that the minor, C.R.S., came under its jurisdiction, pursuant to § 43-247(3)(a). The evidence we have before us illustrates that the State met its burden of showing by a preponderance of the evidence that the child is one described by the above-noted statute, and the county court properly assumed jurisdiction.

AFFIRMED.